|                                                    |   |                        |
|----------------------------------------------------|---|------------------------|
| UNITED STATES DISTRICT COURT                       |   | SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION |

| | | |
|---|---|---|
| JOSEPH LOWRY, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § § § § § § § § | |
| *Plaintiff(s)*, | | |
| v. | | |
| CITY OF LA MARQUE, TEXAS; KEITH BELL, in his individual capacity and in his official capacity; KIMBERLEY YANCY, in her individual capacity and in her official capacity; and RANDALL ARAGON, in his individual capacity and in his official capacity, | | No. 3:22-cv-00112 Jury |
| *Defendant(s)*. | | |

### PLAINTIFF JOSEPH LOWRY'S RESPONSE IN OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

For the reasons explained below, Defendants Rule 12(b)(6) Motion to Dismiss (Doc. 17) should be denied as moot.

## I

Defendants moved to dismiss Plaintiff Joseph Lowry's Second Amended Complaint (Doc. 15) under Rule 12(b)(6) for failure to state a claim upon which relief has been granted. (*See generally*, Defs.' Mot. Dismiss (Doc. 15).) After the motion was

filed, Lowry amended his complaint with the consent of the opposing parties. *See*, Fed. R. Civ. P. 15(a)(2). An amended complaint supersedes the original complaint and renders Defendants' Motion to Dismiss (Doc. 17) moot. *See*, *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered *all earlier motions*, including [the plaintiff's] motion for partial summary judgment, moot." (emphasis added)); *Purkey v. Marberry*, 385 Fed. App'x 575, 579 (7th Cir. 2010); *Hymes v. AmCap Mortg., Ltd.*, No. H-19-515, 2019 U.S. Dist. LEXIS 66464, at *5-*6 (S.D. Tex. Apr. 18, 2019) (Rosenthal, J.) (collecting cases); *Barnes v. Birds Eye Foods LLC*, No. 1:10-cv-541, 2010 U.S. Dist. LEXIS 69579, at *3 (W.D. Mich. Jul. 12, 2010) ("An amended complaint filed after a motion to dismiss has been filed renders the motion to dismiss moot." (citing *Bancoult v. McNamara*, 214 F.R.D. 5, 31 (D.D.C. 2003))).

\* \* \*

For the reasons explained above, Defendants' Motion to Dismiss (Doc. 17) should be denied as moot.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1055
Telephone: (713) 222-6775
Facsimile: (713) 961-3938


By: s/ Curt Hesse
    Melissa Moore
    Tex. Bar No. 24013189
    curt@mooreandassociates.net
    Curt Hesse
    Tex. Bar. No. 24065414
    curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) on the date indicated as follows:

> Mr. Steven Selbe
> sselbe@grsm.com
> GORDON REES SCULLY MANSUKHANI
> TransWestern Tower
> 1900 West Loop South, Suite 1000
> Houston, TX 77027
> Facsimile: (123) 456-7890
> *Attorney(s) for Defendants*
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☒ CM/ECF system

| March 15, 2023 | s/ Curt Hesse |
| :---: | :---: |
| Date | Curt Hesse |