| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION |

| | | |
|---|---|---|
| JOSEPH LOWRY, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff(s)*, <br><br> v. <br><br> CITY OF LA MARQUE, TEXAS; KEITH BELL, in his individual capacity and in his official capacity; KIMBERLEY YANCY, in her individual capacity and in her official capacity; and RANDALL ARAGON, in his individual capacity and in his official capacity, <br><br> *Defendant(s)*. | § § § § § § § § § § § § § § § § § § | No. 3:22-cv-00112 <br> Jury |

## PLAINTIFF JOSEPH LOWRY'S
## RESPONSE IN OPPOSITION TO DEFENDANTS'
## RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

The City of La Marque, Texas (referred to as "La Marque"), Keith Bell (referred to as "Bell"), Kimberley Yancy (referred to as "Yancy") and Randall Aragon (referred to as "Aragon") have moved for partial judgment on the pleadings under Rule 12(c) as to some of the claims asserted by Joseph Lowry (referred to as "Lowry"). (*See generally*, Defs.' Mot. J. (Doc. 28).) For the reasons explained below, the motion should be denied.

# I
# Background

Lowry filed this lawsuit against La Marque, Bell, Yancy and Aargon claiming that they violated his constitutional rights. (*See generally*, Pl.'s 3d Am. Compl. (Doc. 24).) He also claims that Yancy and Aargon defamed him. (*See*, *id*. at 23-24.) La Marque, Bell, Yancy and Aargon dispute the factual allegations in Lowry's Third Amended Complaint (Doc. 24) and have moved to dismiss it under Rule 12(c) principally for that reason. (*See generally*, Defs.' Mot. J. (Doc. 28).) But since disputed issues of fact cannot be resolved under Rule 12(c)—indeed, the Court must assume that the facts alleged by Lowry are true—the motion must be denied.

## II. Argument & Authorities

A.   Standard of Review

"[M]otions for judgment on the pleadings are disfavored and rarely granted." *L.C. Eldridge Sales Co. v. Azen Mfg. PTE, Ltd.*, No. 6:11-cv-599, 2012 U.S. Dist. LEXIS 196631, at *5 (E.D. Tex. Dec. 10, 2012). They are analyzed under "the same standards as a motion[s] to dismiss under Rule 12(b)(6)." *Id*. at *4-*5. A party moving under Rule 12(c) is "entitled to judgment on the pleadings only if it has established that 'no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law.'" *Juster Assoc. v. Rutland*, 901 F.2d 266, 269 (2d Cir. 1990) (quoting Wright & Miller, Federal Practice and Procedure § 1368, at 690 (1969)). The non-moving party,

of course, "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations." *Ciralsky v. C.I.A.*, 689 F. Supp. 2d 141, 159 (D.D.C. 2010). And like a motion to dismiss for failure to state a claim under Rule 12(b)(6), the *sole* issue under Rule 12(c) is whether the plaintiff has plead enough facts to state a claim for relief that is plausible on its face. *L.C. Eldridge Sales Co*, 2012 U.S. Dist. LEXIS 196631 at *5.

B. **La Marque's, Bell's, Yancy's and Aargon's Motion Should Be Denied Because They Improperly Presented Matters Outside of the Pleadings**

    1. *The rules categorically prohibit consideration of materials outside of the pleadings in the Rule 12(c) context.*

Courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint in ruling on a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. P. 12(d). La Marque, Bell, Yancy and Aargon, however, want the Court to consider multiple exhibits[1] in connection with their Motion for Judgment on the Pleadings (Doc. 28) that were not referred to in or part of Lowry's Third Amended Complaint (Doc. 24). (*See, e.g.*, Defs.' Mot. J. (Doc. 37) at 2, 7, 10.) In fact, La Marque, Bell, Yancy and Aargon have exactly zero chance of prevailing on their Motion for Judgment on the Pleadings (Doc. 28) *unless* the Court considers matters outside of the pleadings. Accordingly, the motion should be denied.

---

[1] Lowry expressly reserves the right to object to the materials relied on by La Marque, Bell, Yancy and Aargon in support of their Motion for Judgment on the Pleadings (Doc. 28) after receiving notice, if any, contemplated by the rules, that the Court intends on converting the motion to one for summary judgment. See *infra* page 4 (discussing conversion to motion for summary judgment).

2. *Summary judgment is premature*.

If the Court chooses to consider matters outside of the pleading, it must treat Motion for Judgment on the Pleadings (Doc. 28) as one for summary judgment—and deny the motion. Fed. R. Civ. P. 12(d) ("If, on a motion under … Rule 12(c) …, matters outside the pleadings are presented to and not excluded by the court, *the motion must be treated as one for summary judgment under Rule 56*." (emphasis added)). "All parties must be given a reasonable opportunity to present all materials that is pertinent to the motion." *Id*. Accordingly, if the Court elects to covert La Marque's, Bell's, Yancy's and Aargon's Motion for Judgment on the Pleadings (Doc. 28) to one for summary judgment under Rule 56 (so that it may consider, for example, the exhibits attached to the motion), Lowry requests notice of the conversion as contemplated by the rules. *Id*. He also conditionally requests that any motion for summary judgment either be deferred or denied under Rule 56(d)(1) or, alternatively, that his response to the motion be continued under Rule 56(d)(2) for at least 60 days so that he can continue with discovery.[2, 3]

---

[2] A formal Rule 56(d) motion will follow if La Marque's, Bell's, Yancy's and Aargon's Motion for Judgment on the Pleadings (Doc. 28) is converted to one for summary judgment. See also *supra* note 1 (regarding evidentiary objections).

[3] Of course, "[a] district judge [always] has the discretion to deny a Rule 56 motion [for summary judgment] even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial." *Veillon v. Exploration Svcs., Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989); *see also*, Fed. R. Civ. P. 56 2007 advisory committee note ¶ 23 ("It is established that … there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." (citations omitted)). Courts choose to do so for a variety of reasons, including because (1) adjudication is simply

– 4 –

C.     **La Marque's, Bell's, Yancy's and Aargon's Motion for Judgment on the Pleadings (Doc. 28) Should Be Denied There Are Disputed Issues of Fact Not Capable of Resolution Under Rule 12(c)**

Among other things, Lowry claims that La Marque, Bell, Yancy and Aargon violated his right to freedom of speech by banning him from speaking in a public forum. (*See, e.g.*, Pl.'s 3d Am. Compl. (Doc. 24) ¶¶ 2, 25, 47-56, 16.) Under Rule 12(c), those factual allegations must be "accept[ed] … as true[.]" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citations and quotations omitted). So for purposes of Rule 12(c), it candidly does not matter that there *some* evidence—especially evidence external to Lowry's operative complaint—that tends to negate his allegations. And it should go without saying that the "non-exhaustive series of screen shots" (Defs. Mot. J. (Doc. 28) at 7) that show some of Lowry's Facebook posts cannot negate, as a matter of law, Lowry's factual allegation that he was banned from that forum because they are, as La Marque, Bell, Yancy and Aargon put it, "non-exhaustive" (*id*.). That is a logical fallacy. To be sure, Lowry possesses evidence (which should not surprise La Marque, Bell,

---

more efficient; (2) the court believes that a better course would be to proceed to a full trial; (3) policy considerations weigh in favor of denying summary judgment; (4) the parties have failed to clarify the underlying facts and (5) the motion is tainted with procedural unfairness. *Enwonwu v. Fulton-Dekalb Hosp. Auth.*, 286 F. App'x 586, 595 (11th Cir. 2008); *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995); *Marcus v. St. Paul Fire & Marine Ins. Co.*, 651 F.2d 379, 382 (5th Cir. 1981); *George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*, 424 F.2d 25, 35 (1st Cir. 1970). This is precisely the type of case where the Court should exercise its negative discretion and deny La Marque's, Bell's, Yancy's and Aargon's Motion for Judgment on the Pleadings (Doc. 28). *Id*.; s*ee also*, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (summary judgment disfavored because of the "suspicion that trial judges, intent on controlling their dockets, may use [it] as a catch penny contrivance to take unwary litigants into its toils and deprive them of trial") (internal citations and quotations omitted). Simply put, the better course in this case is to proceed to a full trial.

Yancy and Aargon) that he was banned from posting on the city's Facebook page for long periods of time. So the happenstance that he was able to speak from time to time does *not* show he was *never* prohibited from speaking.

The same is true vis-à-vis the permit. La Marque, Bell, Yancy and Aargon have attached a copy of a permit and some email communications about it. The email (which, again, cannot be considered by the Court) does not show an outright denial of the permit. It shows a dialogue about what would be required for the permit to be approved. And as Lowry alleged in his Third Amended Complaint (Doc. 24), the permit was approved "either implicitly or explicitly" (*id*. at 10) as evidence by the presence of uniformed police officers and elected officials at the "Hit the Road Jack" rally in front of Lowry's home. For these reasons, the Motion for Judgment on the Pleadings (Doc. 28) should be denied.

D. Accusing Someone of Domestic Terrorism—a Very Serious Crime—Isn't Mere Name Calling

As a threshold matter, the suggestion that La Marque, Bell, Yancy and Aargon are justified in taking any action vis-à-vis Lowry because he "engages in vile, vitriolic rhetoric about the City, Bell and Yancy over and over and over[]" (Defs.' Mot. J. (Doc. 28) at 2) is part of the problem. Rights—*especially* the right to freedom of speech— aren't just for people we like. As the Supreme Court has painstakingly pointed out "over and over" (*id*.) again, "debate on public issues should be uninhibited, robust, and wide-

– 6 –

open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). Lowry's comments absolutely "include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials[,]" *id.*, but they are undoubtedly protected by the First Amendment. On that point, there can be no dispute.

And while it's not surprising that city officials disagree with him, declaring him to be a "domestic terrorist" isn't mere name calling—it's accusing someone of criminal conduct. *See, e.g.*, 18 U.S.C. § 2331(5) ("[T]he term 'domestic terrorism' means activities that—(A) involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; (B) appear to be intended—(i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and (C) occur primarily within the territorial jurisdiction of the United States[.]"). And none of the cases cited by La Marque, Bell, Yancy and Aargon suggest otherwise. (*See generally*, Defs.' Mot. Dismiss (Doc. 28) at 11-12.) Those cases involve, for example, the use of racial epithets and homophobic comments. This case is different.

Whether or not intentional, STC omits a critical fact from its Motion for Judgment on the Pleadings (Doc. 37): While Mendez did spend some time working in Alaska (until April 2017), he has spent all of the time since then—up to and including today—in Texas. Ex. A, Mendez Decl. (Aug. 28, 2018) ¶¶ 3-6. Indeed, all of the cases cited by STC for the proposition that claims under state wage-and-hour law are "substantially" identical to FLSA claims for purposes of the rule against claim-splitting (*see*, Def.'s Mot. J. (Doc. 37) pp. 5-8) apparently did not involve transient workers. That is, the workers performed all of their work in a single state and had the option of proceeding either under state law or federal law and could have conceivably been made whole when the claim was resolved. Take, for example, *Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:15-cv-112, 2016 U.S. Dist. LEXIS 30934 (E.D. Tex. Feb. 12, 2016). In that case, the plaintiff, who was proceeding *pro se*, was a teacher at "South Park Middle School, part of BISD." Not surprisingly, that campus where the plaintiff worked is wholly located in Texas. That is not true of Mendez. He, as explained above, he has spent most of the last two-and-a-half years working in Texas. Ex. A, Mendez Decl. (Aug. 28, 2018) ¶¶ 3-6. So even if he prevails in the Alaska lawsuit and gets all to which he is entitled under Alaska law, he still has a viable claim. It is absurd to suggest that this lawsuit should be dismissed under the rule against claim splitting, and this is precisely why the

Fifth Circuit does not permit it. *Slade*, 856 F.3d at 413-14. Accordingly, STC's Motion for Judgment on the Pleadings (Doc. 37) should be denied

E.   The Suggestion That Lowry Hasn't Sufficiently Alleged an "Adverse Action"—Assuming Without Conceding It's Even Legally Relevant—Is Simply Wrong

La Marque, Bell, Yancy and Aargon generically alleges that Lowry "has not pleaded any material adverse action that has been taken against him[.]" (Defs. Mot. J. (Doc. 28) at 12.) They did not explain, though, how any discrete claim raised by Lowry required him to so plead. That said, the suggestion is simply wrong. Lowry claims that his business has suffered as the result of a plan formulated by "Bell and Yancy are also part of a group of people (including Rechard Loftis, his daughter (who is an elected official in Texas City) and Mandalyn Salazar)" in response to the exercise of his constitutionally protected rights. (*See, e.g.*, Pl.'s 3d Am. Pet. (Doc. 24) ¶ 38.) He's also pointed out that Aargon has withheld, *by his own admission*, police services to which Lowry is entitled. (*See*, *id*. ¶ 33.) He also explained that he has been censored and that city officials are trying to expel him from La Marque. Those are undeniably adverse actions—and actionable. Accordingly, the motion should be denied.

F.   The Defamation Claims Against Aaragon and Yancy Are Actionable

If recent events have taught us anything, it's that public officials don't have a license to defame by virtue of their position. But that is precisely what Yancy and Aargon want the Court to hold. In fact, it's even worse. They claim in the first part

motion that Lowry *cannot* bring any claims against La Marque even though Yancy and Aargon called him a domestic terrorist. Then later (citing Tex. Civ. Prac. & Rem. Code § 101.106(f)) they claim that those same claims—which they previously said *weren't actionable* vis-à-vis the city—cannot be brought against Yancy and Aargon because, under, the claims *could have been brought* La Marque and that it vicariously liable to Lowry for the defamation. To reach that conclusion, they claim that defaming Lowry was part of their official job duties and/or responsibilities (or closely related to them because they were made in a city council meeting). (*See*, Defs. Mot. J. (Doc. 28) at 13-16.)

There are all sorts of problems with their arguments. As a threshold matter, Yancy and Aaragon are, in legal terms, "estopped" from taking inconsistent positions. And it should go without saying, but being an elected official is not a license to defame. And the suggestion that any action taken by an elected official during the course of a city counsel meeting isn't actionable against the official in his or her individual capacity is simply absurd. Suppose Aargon choked or shot Lowry during the meeting. Under his election-of-remedies theory, Lowry could not sue him for that plainly unlawful conduct. That cannot be right. Accordingly, the motion should be denied.

# III
# Conclusion

For the reasons explained above, Defendants' Motion for Judgment on the Pleadings (Doc. 28) should be denied.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 1110
        Houston, Texas 77002-1055
        Telephone: (713) 222-6775
        Facsimile: (713) 961-3938


        By: s/ Curt Hesse
           Melissa Moore
           Tex. Bar No. 24013189
           curt@mooreandassociates.net
           Curt Hesse
           Tex. Bar. No. 24065414
           curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served a copy of this document on all parties or their attorney(s) of record—who are listed below—in accordance with Fed. R. Civ. P. 5(b) on the date indicated as follows:

> Mr. Steven Selbe
> sselbe@grsm.com
> GORDON REES SCULLY MANSUKHANI
> TransWestern Tower
> 1900 West Loop South, Suite 1000
> Houston, TX 77027
> Facsimile: (123) 456-7890
> *Attorney(s) for Defendants*
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☒ CM/ECF system

| May 12, 2023 | s/ Curt Hesse |
|:---:|:---:|
| Date | Curt Hesse |