UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 3:22-cv-00112 |
| | § | Jury |
| CITY OF LAMARQUE, TEXAS, KEITH | § | |
| BELL, in his individual capacity and in his | § | |
| official capacity, KIMBERLEY YANCY, | § | |
| in her individual capacity and in her official | § | |
| capacity, and RANDALL ARAGON, in his | § | |
| individual capacity and in his official | § | |
| capacity, | § | |
| | § | |
| *Defendants.* | § | |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

To the Honorable United States District Judge:

Defendants file this Reply to Plaintiff's Response [Doc. 31] to Defendants' Motion for Judgment on the Pleadings [Doc. 28].

**Summary of Reply**

Plaintiff's desultory Response offers no real opposition to Defendants' Motion. In fact, Plaintiff's Response is devoid of any actual legal authority. Plaintiff fails to cite to a single case in support of his legal positions with regard to the Federal or state law claims. Plaintiff's Response falls far short of serious resistance to the motion.

**Exhibits to Motion**

Plaintiff claims that the exhibits attached to the Defendants' motion somehow transforms the motion to dismiss into a motion for summary judgment and that a motion for summary judgment is premature. Plaintiff's argument ignores long-standing case law concerning motions to dismiss.

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. *See, In re Great Lakes Dredge & Dock Co. LLC,* 624 F.3d 201, 209 (5th Cir. 2010); *Guidry v. American Public Life Insurance Co.,* 512 F.3d 177, 180 (5th Cir. 2007); *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*). When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and ***any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.***" *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also C.H., II ex rel. L.H. v. Rankin Cnty. Sch. Dist.,* 415 Fed.Appx. 541, 545 (5th Cir.2011) ("A district court may look to the pleadings and any documents attached thereto."); *cf. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir.2002) (surveying the Fifth Circuit's jurisprudence regarding "the documents that a district court may properly consider in deciding a Rule 12(c) motion"). In addition,

2

the court may take judicial notice of matters of public record. *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Plaintiff's real complaint about the excerpts from the public Facebook page (referenced in Plaintiff's Third Amended Complaint at p. 4, para. 19) and the *not* approved protest application (referenced at p. 9, para. 34) is that they blatantly contradict his factual assertions. Plaintiff cannot complain of being banned and then comment on nearly every pose on the Facebook page. Similarly, he cannot allege the City approved of a protest when the paperwork says otherwise. These documents (Facebook page and unapproved permit) are referenced in and are central to his claims. Thus, they are allowed to be considered in a motion to dismiss. *Lone Star Fund,* 594 F.3d at 387. (a court may consider documents attached to the motion to dismiss that are central to the claim and referenced by the complaint).

**Domestic Terrorist[1]**

Plaintiff argues that the plethora of cases holding that no constitutional violation exists for "name calling" are not different from the present case,…well because "[t]his case is different." [Doc. 28, Sec. D, p. 7]. Plaintiff then offers no, (none, nada, zero, zero point zero) reason, authority or argument as to why it is

---

[1] Defendants, by addressing and arguing this point, do not concede that Plaintiff's claim is factually accurate.

different. Plaintiff fails to cite to a single case holding that this phrase, this alleged false accusation is indeed "different."[2]

Plaintiff also fails to distinguish *Colson v. Grohman*, 174 F.3d 498, 512 (5th Cir. 1999) ("criticism, an investigation (or an attempt to start one), and false accusations [are] all harms that, while they may chill speech, are not actionable under our First Amendment retaliation jurisprudence"); *Matherne v. Larpenter*, No. 99–30746, 2000 WL 729066, at *3 (5th Cir. 2000) (in a *private citizen* retaliation claim under the First Amendment, "retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983)"; *Slegelmilch v. Pearl River Cnty. Hosp. & Nursing Home*, 655 F. App'x 235, 239–40 (5th Cir. 2016) (allegations that plaintiff was subjected to an investigation, was forced to defend herself in the investigation, suffered substantial stress and anxiety, was unable to find new employment and had her lifelong career tainted and destroyed failed to show anything sufficiently tangible to support a First Amendment retaliation claim).

Plaintiff cites no authority as to why this criticism and/or alleged false accusation is different. He makes no attempt to distinguish at least three on point and

---

[2] When considering this point, plaintiff may want to take a gander at *Lilith Fund for Reproductive Equity v. Dickson*, 662 S.W.3d 355 (Tex. 2023) where the Texas Supreme Court found "murderer" to not even be defamatory when the context was considered.

4

dispositive cases. Frankly, Plaintiff's apathetic fugue of a response feels like a give-up.

**Defamation**

Once again, Plaintiff cites no cases for essentially a response to Section 101.106 of the Texas Tort Claims Act that says "That's just not fair. That can't be the law." Plaintiff's lawyers all over Texas would likely respond to this response as John McLain would "Welcome to the party pal." *See*, *Brand v. Savage,* 920 S.W.2d 672, 675 (Tex. App.-Houston [1st Dist.] 1995, no writ) (in discussing Section 101.106 the Court stated "We recognize the effect of this statute seems harsh").

The defamation claims are governed by the Texas Supreme Court holding in *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017) (extensively discussed in Defendants' Motion [Doc. 28 pp. 13-16] which once again, Plaintiff fails to address, cite, distinguish or even acknowledge its very existence. Holding your fingers in your ears and singing the Flintstone's song should not be legal strategy. Plaintiff has failed to articulate his legal contentions as to why Section 101.106(f) should not apply with citations to controlling authorities on which he relies. Simply arguing that "it isn't fair" is no argument at all.

Pursuant to the reasoning in *Laverie* and the language and purpose of Section 101.106(f), the purported defamation claims against Randall Aragon and Kimberley Yancy should be dismissed.

**Conclusion and Prayer**

For these reasons, and the reasons discussed in Defendants' Motion to Dismiss [Doc. 28], the Court should dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Steven D. Selbe*
　　Steven D. Selbe
　　State Bar No. 18004600
　　Southern District Bar No. 18003
　　sselbe@grsm.com
　　ATTORNEY IN CHARGE
　　Hee Jin Chang
　　State Bar No. 24095935
　　Southern District Bar No. 3722754
　　hchang@grsm.com
　　1900 West Loop South, Suite 1000
　　Houston, TX 77027
　　(713) 961-3366 (Telephone)
　　**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically on the 26th day of May, 2023, and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

　　　　*/s/ STEVEN D SELBE*
　　　　STEVEN D. SELBE