# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DIVISION OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>CITY OF LA MARQUE, TEXAS; KEITH BELL, in his individual capacity and in his official capacity; KIMBERLEY YANCY, in her individual capacity and in her official capacity; and RANDALL ARAGON, in his individual capacity and in his official capacity,<br><br>*Defendant(s)*. | § § § § § § § § § § § § § § § § § § § | No. 3:22-cv-00112<br>**Jury** |

## DEFENDANTS' ANSWER
## TO PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

COME NOW, City of La Marque, Texas, Keith Bell, Kimberly Yancy, and Randall Aragon, Defendants in the above-entitled and numbered cause, ("Defendants"), and file this Answer and for same would respond to the Plaintiff's Third Amended Complaint, ("Complaint"), as follows:

## I.
## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted

against these Defendants.

## II.
## RESPONSE TO PLAINTIFF'S ALLEGATIONS

1 a).    Defendants deny Plaintiff's claim that Defendants "violated Lowry's clearly established constitutional rights and one or more of them defamed him." Plaintiff makes this allegation in the Complaint on page one, in the un-numbered first paragraph.

1 b).    Defendants do not contest Plaintiff's venue allegations contained in Paragraph 1 of Plaintiff's Complaint, except to the extent Plaintiff raises a state law claim. Defendants deny this Court has jurisdiction over that claim, pursuant to the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, *et. seq.*

2.    Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    Defendants deny that Plaintiff is entitled to any of the damages or relief requested in this Paragraph.

5.    Defendants do not contest Plaintiff's venue allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants do not contest Plaintiff's venue allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendants deny the allegations contained in Paragraph 7.

8.      Defendants do not contest Plaintiff's venue allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants do not contest Plaintiff's venue allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants admit the allegations contained in Paragraph 10.

11.     Defendants admit the allegations contained in Paragraph 11.

12.     Defendants admit Bell has been served and appeared; but Defendants deny any such right to damages alleged in paragraph 12.

13.     Defendants admit Yancy has been served and appeared; but Defendants deny any such right to damages alleged in paragraph 13.

14.     Defendants admit Aragon has been served and appeared; but Defendants deny any such right to damages alleged in paragraph 14.

15.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations Paragraphs 15 through 18.

16.     Defendants admit the allegations in Paragraph 19.

17.     Defendants deny the allegations in Paragraph 20.

18.     Defendants admit the allegations in Paragraph 21.

19.    Defendants deny the allegations in Paragraph 22.

20.    No response is necessary to the legal citation in Paragraph 23.

21.    Defendants deny the allegations in Paragraphs 24 through 45 of the Complaint.

22.    No response is necessary to Paragraph 46.

23.    Defendants deny the allegation is Paragraphs 47 through 63 of the Complaint.

24.    No response is necessary to Paragraph 64.

25.    Defendants deny the allegations in Paragraphs 65 through 72 of the Complaint.

26.    Defendants deny the allegations in Paragraphs 74 through 93 of the Complaint.

27.    No response is necessary to Paragraphs 94 through 103 of the Complaint as Plaintiff's defamation claims have been dismissed.

28.    No response is necessary to Paragraph 104.

29.    Defendants deny the allegations in Paragraphs 105 through 114 of the Complaint.

30.    No response is necessary to Paragraph 115.

31.    Defendants deny the allegations in Paragraphs 116 through 121 of the Complaint.

32. No response is necessary to Paragraphs 122 and 123.

33. Defendants deny that Plaintiff is entitled to any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

34. Defendants allege that sovereign, qualified and official immunity protect them from liability in this matter.

35. To the extent Plaintiff raises any state claims, Defendants allege that Plaintiff's claims are not actionable under the Texas Tort Claims Act and/or that certain provisions bar Plaintiff's claim.

36. Defendants invoke all protections and limitations contained in the Texas Tort Claims Act including but not limited to Sections 101.021, 101.023, 101.026, 101.057, 101.101 and 101.106.

37. Defendants allege that Plaintiff is barred from bringing state law causes of action against Bell, Yancy, or Aragon, pursuant to the provisions of Section 101.106 of the Texas Civil Practice and Remedies Code.

38. Defendants will show that at all times relevant hereto, Bell, Yancy, and Aragon acted reasonably under the circumstances with which they were presented. At all times, the actions of Bell, Yancy, and Aragon were done in good faith, within the scope of their discretionary authority and were objectively reasonable under the facts and circumstances existing in this case. As such, Bell, Yancy, and Aragon are entitled to qualified immunity under Federal law and

official immunity under state law, barring Plaintiff's claims.

39.     Plaintiff's "injuries" are *de minimis*, if any, and therefore, not compensable pursuant to 42 U.S.C. § 1983.

40.     Defendants allege any injuries suffered by Plaintiff were caused by the intentional and/or negligent actions of the Plaintiff.

41.     Defendants allege that no policy or pattern or practice existed within the City that would subject it to liability under 42 U.S.C. Section 1983 and that there was no deliberate indifference in the present case.

42.     Defendants allege that an award of punitive damages under the facts and circumstances of this case would violate the constitutional rights of Defendants under the applicable clauses of the United States and Texas Constitutions.

43.     Plaintiff fails to state any set of facts that would warrant submission of punitive damages instructions to a jury, and such submission would violate Defendants' rights, both procedural and substantive due process, under the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Texas.

44.     Plaintiff's Complaint, to the extent it seeks punitive damages, violates Defendants' right to protection from excessive fines as provided in the Eighth

Amendment of the United States Constitution and the Constitution of the State of Texas.

WHEREFORE PREMISES CONSIDERED, Defendants, the City of La Marque, Texas, Keith Bell, Kimberly Yancy, and Randall Aragon, pray that the Court, after notice and hearing or trial, enter judgment in favor of Defendants and award to Defendants their costs of court and such other and further relief to which Defendants are entitled.

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Steven D. Selbe*
    Steven D. Selbe
    Federal Bar No. 18003
    State Bar No. 18004600
    sselbe@grsm.com
    Christina H. Pittman
    Federal Bar No. 431088
    State Bar No. 24028840
    cpittman@grsm.com

**ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**
**GORDON REES SCULLY MANSUKHANI, LLP**
1900 West Loop South, Suite 1000
Houston, Texas 77027
713-961-3366 (Telephone)
713-961-3938 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2024, a true and correct copy of the foregoing instrument has been electronically served on all parties and/or their counsel of record via the court's CM/ECF system.

*/s/ Steven D. Selbe*
STEVEN D. SELBE