UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOSEPH LOWRY, § § *Plaintiff,* § § VS. § § CITY OF LAMARQUE, TEXAS, KEITH § BELL, in his individual capacity and in his § official capacity, KIMBERLEY YANCY, § in her individual capacity and in her official § capacity, and RANDALL ARAGON, in his § individual capacity and in his official § capacity, § § *Defendants.* § | CIVIL CASE NO. 3:22-cv-00112 Jury |

## MOTION FOR SUMMARY JUDGMENT OF KEITH BELL, KIMBERLEY YANCY AND RANDALL ARAGON

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendants, Keith Bell, Kimberley Yancy, and Randall Aragon in all capacities in which they have been sued1, file this Motion for Summary Judgment, seeking dismissal of all remaining claims in Plaintiff's Third Amended Complaint [Doc. 24] pursuant to the Federal Rules of Civil

---

1 A suit against a public employee in his or her official capacity is simply another way to sue the governmental entity. With Plaintiff suing the City the official capacity claims are redundant and should be dismissed. *Doe v. Rains I.S.D.,* 865 F.Supp. 375, 378 (E.D.Tex.1994), *rev'd on other grounds,* 66 F.3d 1402, 1417 (5th Cir.1995); *Thompson v. City,* 838 F.Supp. 1137, 1143 (N.D.Tex.1993) (citations omitted).

Procedure, and show as follows:

## I.
## SUMMARY OF MOTION

By all appearances, across a multitude of social media sites and posts, Plaintiff is a loudmouth bully who is obsessed with the City of La Marque and, seemingly in particular, with its African American Mayor, Keith Bell and African American council-woman, Kimberley Yancy. He engages in vile, vitriolic rhetoric about the City, Bell and Yancy.

The last time he was engaged in civil litigation a peace bond was entered against him as a result of threats of violence and harassment against that litigation opponent.2 If one were to believe that the 2018 peace bond had taught Plaintiff a lesson, one needs only to look at Plaintiff's kerfuffle with the Galveston Daily News (where Plaintiff submitted a fake document and subsequently was labeled by the Paper as "… not a credible source") to realize that it is apparently an on-going learning process.3

---

2. Cause No. 18-Cv-0726 in the 212th District Court of Galveston County, Texas. Affidavits in support of the peace bond and the peace bond itself were attached as Exhibit 1 to the Defendants' Motion to Dismiss.
3 September 22, 2022, Galveston County Daily News *"Recall Petitioner says he faked invoice, declines to disclose finances"* Attached as Exhibit 2 to the Defendants' Motion to Dismiss .

The present lawsuit is the equivalent of someone standing in the public square and screaming over a bullhorn about "corrupt thugs." Then, when someone politely taps the screamer on the shoulder and says "I disagree" the screamer drops the bullhorn in horror and screams "You are chilling my speech." It simply is not so. In fact, despite all the "speech chilling", Plaintiff was elected to the La Marque City Council in May of 2024.

Plaintiff's Third Amended Complaint reads like a stream of consciousness listing of all of the perceived slights perpetrated against Plaintiff by anyone associated (and some not associated) with the City of La Marque. Some of the alleged wrongs are contradicted by the actual facts, some of the claims simply do not rise to the level of a constitutional violation and there is no credible evidence to support any viable cause of action against the individual Defendants. There is no evidence that any material adverse action has been taken against Plaintiff. All of Plaintiff's remaining claims and causes of action should be dismissed because (1) Plaintiff's allegations are contradicted by Defendants' competent summary judgment evidence; (2) Plaintiff's allegations do not rise to the level of a

constitutional violation; (3) these Defendants are entitled to qualified immunity.

## II.
## NATURE AND STAGE OF PROCEEDING

Plaintiff filed his Third Amended Complaint on March 15, 2023 [Doc. 24]. The Defendants previously filed and served on Plaintiff an "Intent to File Motion to Dismiss" pursuant to Section 6 of this Court's Procedures, informing Plaintiff of the Defendants' intent to file a motion to dismiss. Plaintiff subsequently amended his complaint twice.

The City filed a Motion for Judgment on the Pleadings on April 14, 2023. [Doc. 28]. Plaintiff responded [Doc. 31] and the City replied. [Doc. 34]. Judge Brown granted the motion in part and denied it in part [Doc. 35]. Plaintiff's claims that "name calling" amounted to a constitutional violation and his state law defamation claims against Yancy and Aragon were dismissed.

## III.
## STATEMENT OF ISSUES PRESENTED

The issues presented in this Motion for Summary Judgment are as follows:

(1)   There is no evidence to support Plaintiff's allegations in Counts One and Two against these Defendants.

(2)   There is no evidence that any material adverse action been taken against Plaintiff by these Defendants.

(3)   Randall Aragon, Keith Bell and Kimberley Yancy are entitled to qualified immunity.

## IV.
## STANDARD OF REVIEW

Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of informing the Court of the basis for the motion and identifying those portions of the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, which the party believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Once the movant carries the burden set forth under *Celotex*, the burden shifts to the non-movant to show that summary judgment should not be granted.  Fed. R. Civ. P. 56.  The party opposing a properly supported motion for summary judgment may not rest on mere allegations or a denial of pleadings, but must set forth specific facts showing the

existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 256-257 (1986). Unsubstantiated assertions that a fact issue exists will not suffice. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). The non-movant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Id.*

The doctrine of qualified immunity is an immunity from suit, not a mere defense to liability, and therefore should be decided at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). A qualified immunity inquiry has two prongs: (1) whether the officers' conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the alleged misconduct. *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). The court may exercise discretion in deciding which of the two prongs should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Morrow*, 917 F.3d at 874 (the court "can decide one question or both."). A constitutional right is clearly established if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that

right." *Ramirez v. Guadarrama,* 3 F.4th 129, 133 (5th Cir. 2021). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna,* 577 U.S. 7, 12 (2015) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense. *Gates v. Texas Dep't of Protective and Regulatory Servs.,* 537 F.3d 404, 419 (5th Cir. 2008). Although qualified immunity is called an affirmative defense, the defendant asserting qualified immunity does not have the burden to establish it. Rather, it is the plaintiff whose burden it is to negate the assertion of qualified immunity, once it is raised. *Collier v. Montgomery,* 569 F.3d 214, 217 (5th Cir. 2009). ***An official need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law.*** See *Michalik v. Hermann,* 422 F.3d 252, 262 (5th Cir. 2005) (citing *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001)).

The plaintiff, bearing the burden of negating the defense, cannot rest on conclusory allegations and assertions, but must demonstrate genuine

issues of material fact regarding the reasonableness of the official's conduct. *Id.* In other words, a plaintiff must satisfy her burden by negating immunity by specifically identifying evidence that rebuts the defendants' presumed entitlement to dismissal based upon qualified immunity. *Whatley v. Philo,* 817 F.2d 19, 20 (5th Cir. 1987). A court is not bound to accept a plaintiff's version of the facts if contradicted by the video evidence. *Crane v. City of Arlington, Texas*, 50 F.4th 453 (5th Cir. 2022).

## V.
## ARGUMENTS & AUTHORITIES

1. **There is no evidence that Plaintiff has been "banned" from La Marque social media by these Defendants and, in fact, the evidence is that Plaintiff has consistently posted on the City's Facebook page**

Plaintiff alleges in the live Complaint that the City and individual Defendants have violated his constitutional rights, in part, because he is "banned" from the La Marque Facebook page. [Doc. 24, p. 2, ¶ 2; p. 6, ¶ 25; Count One, ¶¶ 47-56; Count Two, p. 16, ¶¶ 66-67]. However, Plaintiff's allegations of being "banned" from La Marque social media are blatantly contradicted by content contained in La Marque's limited public forum Facebook page. In fact, "Joseph Lowry," the Plaintiff in this lawsuit,

regularly and frequently, both before and after this lawsuit was filed, and even after the Complaint has been amended not once, but twice, comments on https://www.facebook.com/cityoflamarque.  Attached to the Declarations of Keith Bell and Kimberley Yancy as exhibits are a non-exhaustive series of screen shots from the La Marque Facebook page both pre-lawsuit, post-lawsuit and post amended complaints (as recent as March 23, 2023).

Plaintiff filed his Original Complaint on April 11, 2022, claiming he was "banned" from commenting on the City's Facebook page. However, on March 23, 2022, Joseph Lowry commented on a post and stated "Keith Bell and Kimberly Yancy's harassment of our children are why we removed them from public school…." On March 30, he replied to a post and stated "Stop fighting us with our tax dollars. It's theft." In reply to a post on April 4 (a week before the lawsuit was filed claiming he was banned) "BELL AND ARAGON ARE THUGS AND CRIMINALS." (all caps in original comment). Certainly an interesting and emphatic take about the very individuals he is suing from someone "banned" from commenting.

The pre-lawsuit comments were far from the last. Lowry commented on posts that were made on April 19, April 25, May 6 ("More lies and spin from a corrupt mayor….") and May 10 ("highest crime and a crooked police

chief mayor and councilwoman….""). In *blatant contradiction* of his allegations, Plaintiff commented on nearly every post made in late March through May of 2022. His critical comments are teeming throughout the site. He calls the City management "clowns," "corrupt" and accuses Councilwoman Yancy of being "racist." Those comments are "up" and accessible to anyone

The vituperative comments have continued. Commenting on an upcoming recall election of Mayor Bell (which ultimately was unsuccessful), Lowry commented on an October 11, 2022 post stating about Bell and why the recall should succeed, *"…racist lying scammer con artist thug criminal."* (lack of punctuation in original). [Exs. 2B and 5B].

More recently, **and after filing his Third Amended Complaint** on March 15, 2023, Lowry continued posting on the City of La Marque page, including his March 23, 2023 comments encouraging individuals to hold off working for "Lamarque under our corrupted current mayor and council. Especially, in our Police Department under the most corrupt police chief the city has ever seen. Hang in there just a few more months before applying we got to get rid of the corruption first we don't want good officers

being trained thinking this is normal behavior in a police department." [Exs 2B and 5B].

Fittingly and somewhat ironically, today, November 1, 2024 the City posted an announcement about the scheduling of Council meetings and "Lowry News Network" (a/k/a Joseph Lowry commented "Mayor Bell for Prison!" https://www.facebook.com/cityoflamarque

As stated by the Supreme Court, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). With the City's Facebook page replete with Plaintiff's vitriolic comments, pre and post lawsuit (and today!), the allegations are indeed blatantly contradicted and Plaintiff's claim fails as a result.

Moreover, although the limited public forum Facebook page has a set of "terms of service" Defendants Aragon, Bell and Yancy play no part in monitoring or administering the terms. Ex. 1, para. 6; Ex. 2, para. 5; and, Ex. 5 at para. 5.

The blatantly contradicted concept also applies to Plaintiff's

allegation that the "agents" of Bell, Yancy and Aragon organized a protest and were granted a City permit to protest in front of Plaintiff's home. [Doc. 24, pp. 9–10, ¶ 34]. However, the permit application was never granted and the actual document contradicts Plaintiff's allegation. Ex. C to Declaration of Keith Bell.

According to the Police Chief, Randall Aragon, despite the permit being denied, the Police Department learned the private citizens intended to protest on private property and Police Department had a presence near the event to keep the peace. The event was poorly attended and no significant events occurred. Ex. 1, para. 7.

**2.     There is no evidence that any materially adverse action that has been taken against Plaintiff**

The Fifth Circuit has held that "criticism, an investigation (or an attempt to start one), and false accusations [are] all harms that, while they may chill speech, are not actionable under our First Amendment retaliation jurisprudence." *Colson v. Grohman*, 174 F.3d 498, 512 (5th Cir. 1999). Applying *Colson* to a private citizen retaliation claim under the First Amendment, the court explained "that retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983." *Matherne v.*

*Larpenter*, No. 99–30746, 2000 WL 729066, at *3 (5th Cir. 2000) (quoting *Colson*, 174 F.3d at 513); *see also Slegelmilch v. Pearl River Cnty. Hosp. & Nursing Home*, 655 F. App'x 235, 239–40 (5th Cir. 2016); *See also*, *Houston Community College System v. Wilson*, 142 S.Ct. 1253 (2022) (public resolution that officially censured trustee for "reprehensible" conduct was not a materially adverse action that could raise a First Amendment retaliation claim).

In the present case, there is *no* official adverse action nor is there *any* tangible or materially adverse action that has been taken by these Defendants. Plaintiff can certainly allege that he "bravely" calls City officials "thugs," "corrupt," "lying" and "racist" and is disappointed when inexplicably he is not hailed as a hero by those individuals. The First Amendment permits "[f]ree speech on both sides and for every faction on any side." *Thomas v. Collins*, 323 U.S. 516, 547, 65 S.Ct. 315, 89 L.Ed. 430 (1945) (Jackson, J., concurring). Pp. 1258 – 1260. Plaintiff is not constitutionally entitled to sole possession of the bullhorn. His disappointment at the reaction of City officials is not of constitutional moment.

Because Plaintiff cannot prove that tangible or material adverse

action has been taken against him, These Defendants are entitled to summary judgment as to Plaintiff's First Amendment and Due Process claims set forth in Counts I and II of the Third Amended Complaint.

### 3. Randall Aragon, Keith Bell and Kimberley Yancy are entitled to qualified immunity.

Qualified immunity shields governmental officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights about which a reasonable person would have known. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). The protection afforded by the defense is "an immunity from suit not simply from immunity from liability." *Id.* Consequently, immunity must be resolved at the earliest possible stage of litigation since it entails an entitlement to immunity from suit and not merely a defense from liability. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

"Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.' " *Lane,* 134 S.Ct. at 2381 (quoting *Ashcroft v. al-Kidd,* 563 U.S. 731, ——, 131 S.Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011)). " 'When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.' " *Beaulieu v. Lavigne,* 539

Fed.Appx. 421, 424 (5th Cir.2013) (per curiam) (quoting *Club Retro, LLC v. Hilton,* 568 F.3d 181, 194 (5th Cir.2009) (citing *McClendon v. City of Columbia, Miss.,* 305 F.3d 314, 323 (5th Cir.2002) (en banc))). To negate the defense of qualified immunity, Plaintiff produce evidence that the officials' conduct (1) violated a "clearly established federal constitutional right;" and (2) was not "objectively reasonable in light of clearly established law." *Nunez v. Simms,* 341 F.3d 385, 387 (5th Cir.2003).

The United States Supreme Court reminded and even chastised lower courts in *White v. Pauly*, 580 U.S. 73, 137 S.Ct. 548, 552 (2017) that "clearly established law" should not be defined "at a high level of generality." It again emphasized that clearly established law must be "particularized" to the facts of the case. As the Court stated in *White,* "The panel majority misunderstood the 'clearly established' analysis: ***It failed to identify a case where an officer acting under similar circumstances as Officer White was held to have violated the Fourth Amendment.*** " *Id.* (emphasis added).

In effect, the Supreme Court in *White* required lower courts to identify a case or a series of cases which would give a public official "fair notice" that his or her actions would be unconstitutional in order for a

15 | P a g e

plaintiff to overcome the defense of qualified immunity. Plaintiff cannot do that in this case. There is no string of cases establishing "settled law" with facts resembling those in this case.

There is no case or series of cases that would give Chief Aragon, Mayor Bell or Councilwoman Yancy fair notice that any of their actions in this case violated the constitutional rights of the Plaintiff. As a result, they are entitled to judgment as a matter of law.

## VI.
## SUMMARY JUDGMENT EVIDENCE

In support of this Motion, Defendants incorporate herein the pleadings and other filings of Plaintiff on file with this Court. The Summary Judgment proof filed in support of Defendants' Motion is attached and includes:

| | |
|---|---|
| **Exhibit 1** | Declaration of Randall Aragon with Exhibit A; |
| **Exhibit 2** | Declaration of Keith Bell with Exhibits A through C; |
| **Exhibit 3** | Declaration of Cesar Garcia with Exhibits A and B; |
| **Exhibit 4** | Declaration of Joshua Pritchett with Exhibit A; |
| **Exhibit 5** | Declaration of Kimberley Yancy with Exhibits A and B. |

## VII.
## CONCLUSION & PRAYER

Randall Aragon, Keith Bell and Kimberley Yancy Aragon respectfully request that the Court grant their Motion for Summary Judgment as to all claims made in Plaintiff's Third Amended Complaint and pray that

Plaintiff's claims against them be dismissed with prejudice.

                                      Respectfully submitted,

                                      */s/ Steven D. Selbe*
                                      STEVEN D. SELBE
                                      ATTORNEY IN CHARGE
                                      So. Dist. No.: 18003
                                      SBN: 18004600
                                      sselbe@grsm.com

                                      **ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**
GORDON REES SCULLY MANSUKHANI LLP

1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that the foregoing document was filed electronically on the 1st day of November, 2024, and is available for viewing and downloading from the ECF system, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

                                      */s/ Steven D. Selbe*
                                      STEVEN D. SELBE