UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL CASE NO. 3:22-cv-00112 |
| | § | Jury |
| CITY OF LAMARQUE, TEXAS, KEITH BELL, in his individual capacity and in his official capacity, KIMBERLEY YANCY, in her individual capacity and in her official capacity, and RANDALL ARAGON, in his individual capacity and in his official capacity, | § § § § § § § § § | |
| *Defendants.* | § | |

## MOTION FOR SUMMARY JUDGMENT OF KEITH BELL, KIMBERLEY YANCY AND RANDALL ARAGON

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendant, The City of La marque, files this Motion for Summary Judgment, seeking dismissal of all remaining claims in Plaintiff's Third Amended Complaint [Doc. 24] pursuant to the Federal Rules of Civil Procedure, and show as follows:

### I.
### SUMMARY OF MOTION

By all appearances, across a multitude of social media sites and posts, Plaintiff is a loudmouth bully who is obsessed with the City of La

Marque and, seemingly in particular, with its African American Mayor, Keith Bell and African American council-woman, Kimberley Yancy. He engages in vile, vitriolic rhetoric about the City, Bell and Yancy.

The last time he was engaged in civil litigation a peace bond was entered against him as a result of threats of violence and harassment against that litigation opponent.1 If one were to believe that the 2018 peace bond had taught Plaintiff a lesson, one needs only to look at Plaintiff's kerfuffle with the Galveston Daily News (where Plaintiff submitted a fake document and subsequently was labeled by the Paper as "… not a credible source") to realize that it is apparently an on-going learning process.2

The present lawsuit is the equivalent of someone standing in the public square and screaming over a bullhorn about "corrupt thugs." Then, when someone politely taps the screamer on the shoulder and says "I disagree" the screamer drops the bullhorn in horror and screams "You are chilling my speech." It simply is not so. In fact, despite all the "speech

---

1. Cause No. 18-Cv-0726 in the 212th District Court of Galveston County, Texas. Affidavits in support of the peace bond and the peace bond itself were attached as Exhibit 1 to the Defendants' Motion to Dismiss.
2 September 22, 2022, Galveston County Daily News *"Recall Petitioner says he faked invoice, declines to disclose finances"* Attached as Exhibit 2 to the Defendants' Motion to Dismiss .

chilling", Plaintiff was elected to the La Marque City Council in May of 2024.

The City relies on and incorporatez the arguments made in the Motion for Summary Judgment of Randall Aragon, Keith Bell and Kimberley Yancy that no underlying constitutional violation occurred. It is axiomatic that if no underlying constitutional violation occurred, the City and Chief Diaz cannot be held liable. *Los Angeles v. Heller*, 476 U.S. 796, 799 (1986) (per curiam).

The City additionally moves for summary judgment dismissing all of Plaintiff's "official policy" claims. No official written policy of the City was the moving force behind any alleged constitutional violation. Plaintiff has not and cannot demonstrate that any policy of the City caused any constitutional violation. The City cannot be vicariously liable inder Section 1983. , Plaintiff's claims also fail because there is no evidence that any pattern or practice existed which would establish municipal liability under these facts.

## II.
## NATURE AND STAGE OF PROCEEDING

Plaintiff filed his Third Amended Complaint on March 15, 2023 [Doc. 24]. The Defendants previously filed and served on Plaintiff an "Intent to File Motion to Dismiss" pursuant to Section 6 of this Court's Procedures, informing Plaintiff of the Defendants' intent to file a motion to dismiss. Plaintiff has subsequently amended his complaint three times. Defendants file this Motion as to Plaintiff's Third Amended Complaint and the Court entered an Order that the Motion is timely filed if filed by April 14, 2023.

Defendants filed a Motion for Judgment on the Pleadings on April 14, 2023. [Doc. 28]. Plaintiff responded [Doc. 31] and the City replied. [Doc. 34]. Judge Brown granted the motion in part and denied it in part [Doc. 35]. Plaintiff's claims that "name calling" amounted to a constitutional violation and his state law defamation claims against Yancy and Aragon were dismissed. This Motion is timely under the Court's Scheduling Order.

## III.
## STATEMENT OF ISSUES PRESENTED

The issues presented in this Motion for Summary Judgment are as follows:

(1)   There is no evidence to support Plaintiff's allegations in Count Three of the Complaint.

(

# IV.
# STANDARD OF REVIEW

Summary Judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of informing the Court of the basis for the motion and identifying those portions of the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, which the party believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Once the movant carries the burden set forth under *Celotex*, the burden shifts to the non-movant to show that summary judgment should not be granted. Fed. R. Civ. P. 56. The party opposing a properly supported motion for summary judgment may not rest on mere allegations or a denial of pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 256-257 (1986). Unsubstantiated assertions that a fact issue

exists will not suffice. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). The non-movant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Id.*

## V.
## ARGUMENTS & AUTHORITIES

1. **There is no evidence that Plaintiff has been "banned" from La Marque social media by these Defendants and, in fact, the evidence is that Plaintiff has consistently posted on the City's Facebook page**

Plaintiff alleges in the live Complaint that the City has violated his constitutional rights, in part, because he is "banned" from the La Marque Facebook page. [Doc. 24, p. 2, ¶ 2; p. 6, ¶ 25; Count One, ¶¶ 47-56; Count Two, p. 16, ¶¶ 66-67]. However, Plaintiff's allegations of being "banned" from La Marque social media are blatantly contradicted by content contained in La Marque's limited public forum Facebook page. In fact, "Joseph Lowry," the Plaintiff in this lawsuit, regularly and frequently, both before and after this lawsuit was filed, and even after the Complaint has been amended not once, but twice, comments on https://www.facebook.com/cityoflamarque. Attached to the Declarations of Keith Bell and Kimberley Yancy as exhibits are a non-exhaustive series of

screen shots from the La Marque Facebook page both pre-lawsuit, post-lawsuit and post amended complaints (as recent as March 23, 2023).

Plaintiff filed his Original Complaint on April 11, 2022, claiming he was "banned" from commenting on the City's Facebook page. However, on March 23, 2022, Joseph Lowry commented on a post and stated "Keith Bell and Kimberly Yancy's harassment of our children are why we removed them from public school…." On March 30, he replied to a post and stated "Stop fighting us with our tax dollars. It's theft." In reply to a post on April 4 (a week before the lawsuit was filed claiming he was banned) "BELL AND ARAGON ARE THUGS AND CRIMINALS." (all caps in original comment). Certainly an interesting and emphatic take about the very individuals he is suing from someone "banned" from commenting.

The pre-lawsuit comments were far from the last. Lowry commented on posts that were made on April 19, April 25, May 6 ("More lies and spin from a corrupt mayor….") and May 10 ("highest crime and a crooked police chief mayor and councilwoman…."). In *blatant contradiction* of his allegations, Plaintiff commented on nearly every post made in late March through May of 2022. His critical comments are teeming throughout the site. He calls the City management "clowns," "corrupt" and accuses

Councilwoman Yancy of being "racist." Those comments are "up" and accessible to anyone

The vituperative comments have continued. Commenting on an upcoming recall election of Mayor Bell (which ultimately was unsuccessful), Lowry commented on an October 11, 2022 post stating about Bell and why the recall should succeed, *"…racist lying scammer con artist thug criminal."* (lack of punctuation in original). [Exs. 2B and 5B].

After filing his Third Amended Complaint on March 15, 2023, Lowry continued posting on the City of La Marque page, including his March 23, 2023 comments encouraging individuals to hold off working for "Lamarque under our corrupted current mayor and council.  Especially, in our Police Department under the most corrupt police chief the city has ever seen. Hang in there just a few more months before applying we got to get rid of the corruption first we don't want good officers being trained thinking this is normal behavior in a police department."  [Exs. 2B and 5B].

Fittingly and somewhat ironically, today, November 1, 2024, the City posted an announcement about the scheduling of Council meetings and "Lowry News Network" (a/k/a Joseph Lowry) commented "Mayor Bell for Prison!" https://www.facebook.com/cityoflamarque

As stated by the Supreme Court, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). With the City's Facebook page replete with Plaintiff's vitriolic comments, pre and post lawsuit (and today!), the allegations are indeed blatantly contradicted and Plaintiff's claim fails as a result.

Moreover, although the limited public forum Facebook page has a set of "terms of service" Defendants Aragon, Bell and Yancy play no part in monitoring or administering the terms. Ex. 1, para. 6; Ex. 2, para. 5; and, Ex. 5 at para. 5.

The blatantly contradicted concept also applies to Plaintiff's allegation that the "agents" of Bell, Yancy and Aragon organized a protest and were granted a City permit to protest in front of Plaintiff's home. [Doc. 24, pp. 9–10, ¶ 34]. However, the permit application was never granted and the actual document contradicts Plaintiff's allegation. Ex. C to Declaration of Keith Bell.

According to the Police Chief, Randall Aragon, despite the permit

being denied, the Police Department learned the private citizens intended to protest on private property and Police Department had a presence near the event to keep the peace. The event was poorly attended and no significant events occurred. Ex. 1, para. 7.

### 2. Plaintiff' Municipal Liability Allegations Fail

Municipalities are deemed to be "persons" susceptible to suit under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Municipal liability, however, cannot be sustained under a theory of respondeat superior or vicarious liability. *Id.* at 691; *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). A municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (*quoting Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

For liability to attach, "the municipality must cause the constitutional tort, which occurs 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (*quoting Monell*, 436 U.S.

at 694).

To hold a municipality liable under this standard, "a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." *James*, 577 F.3d at 617. The plaintiff must establish a "direct causal link" between the municipal policy and the constitutional deprivation. *Id*. This requires "direct causation," meaning a "direct causal link," between the policy and the alleged violation, *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009). This causal connection "must be more than a mere 'but for' coupling between cause and effect." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)). Rather, "a municipal policy must be affirmatively linked to the constitutional violation and be the moving force behind it." *Id*.

In addition, if the policy at issue is not facially unconstitutional, a plaintiff must also show that it was adopted with deliberate indifference as to its known or obvious consequences. *James*, 577 F.3d at 617 (internal quotations and citations omitted). Deliberate indifference, in this context,

"is a degree of culpability beyond mere negligence or even gross negligence; it 'must amount to an intentional choice, not merely an unintentionally negligent oversight.'" *Id*. at 617-18; *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000)). The Fifth Circuit has emphasized that the moving-force and deliberate-indifference elements of municipal liability "must not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'"

Plaintiff alleges in Count III that the City "… developed, ratified, enforced and continues to enforce an official policy and/or longstanding custom of removing and censoring speech…." Doc. 24, p. 18, para. 74. There is no such "official" policy and there is no custom of such a practice. If there were, there would be similar complaints, in other words a "pattern." That pattern simply does not exist.

To begin, the evidence, as set forth above, establishes that Plaintiff has not been "banned." In fact, he posted a continuing slew of insults before his Complaint was initially filed, after it was filed, even after the Third Amended Complaint was filed and today! Exs. 2B and 5B; https://www.facebook.com/cityoflamarque.

According to Joshua Pritchett, the City's former Public Relations Officer and now Deputy City Manager, terms of service for the social media site were created with the assistance of attorneys and with the assistance of municipal organizations who were creating similar sites. The City hired a third party administrator, Archive Social, to help administer the sites. The Facebook site is subject to Facebook terms of service and some posts can be removed by Facebook and some posters can be suspended by Facebook if they violate Facebook's terms and conditions. Ex. 4, para. 3.

Both before and after Plaintiff's Complaint in this case was filed, Plaintiff, through several Joseph Lowry accounts posted a plethora of comments on the City's Facebook page that insulted the City administration. Those comments were not removed and remain today including a comment made today by Plaintiff "Mayor Bell for prison!" Ex. 4, para. 3; and https://www.facebook.com/cityoflamarque

Plaintiff has not alleged a single other instance of alleged social media banning, There is no official policy and there is no custom and practice. Plaintiff simply makes factually devoid, conclusory allegations. There are a lot of the "City policy" or "longstanding custom" allegations; however, there are NO facts to go along with those allegations. Plaintiff offers the buzz words but no evidence and

the City is entitled to judgment as a matter of law on Plaintiff's conclusory municipal liability allegations.

## VI.
### SUMMARY JUDGMENT EVIDENCE

In support of this Motion, Defendants incorporate herein the pleadings and other filings of Plaintiff on file with this Court. The Summary Judgment proof filed in support of Defendants' Motion is attached and includes:

**Exhibit 1**   Declaration of Randall Aragon with Exhibit A;

**Exhibit 2**   Declaration of Keith Bell with Exhibits A through C;

**Exhibit 3**   Declaration of Cesar Garcia with Exhibits A and B;

**Exhibit 4**   Declaration of Joshua Pritchett with Exhibit A;

**Exhibit 5**   Declaration of Kimberley Yancy with Exhibits A and B.

## VII.
### CONCLUSION & PRAYER

The City of La Marque respectfully requests that the Court grant its Motion for Summary Judgment as to all claims made in Plaintiff's Third Amended Complaint and pray that Plaintiff's claims against it be dismissed with prejudice.

Respectfully submitted,

*/s/ Steven D. Selbe*
STEVEN D. SELBE
ATTORNEY IN CHARGE
So. Dist. No.: 18003
SBN: 18004600
sselbe@grsm.com

**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**
GORDON REES SCULLY MANSUKHANI LLP

1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone: (713) 961-3366
Facsimile:  (713) 961-3938

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing document was filed electronically on the 1st day of November, 2024, and is available for viewing and downloading from the ECF system, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

                */s/ Steven D. Selbe*
                STEVEN D. SELBE