UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOSEPH LOWRY,                §
§
    *Plaintiff*,            §
§
VS.                       §      CIVIL CASE NO. 3:22-cv-00112
§      Jury
CITY OF LAMARQUE, TEXAS, KEITH §
BELL, in his individual capacity and in his §
official capacity, KIMBERLEY YANCY, §
in her individual capacity and in her official §
capacity, and RANDALL ARAGON, in his §
individual capacity and in his official    §
capacity,                §
§
    *Defendants*.       §

## <u>DECLARATION OF RANDALL ARAGON</u>

STATE OF TEXAS
COUNTY OF GALVESTON

RANDALL ARAGON, under penalty of perjury, states as follows:

1.      "My name is Randall Aragon. I am over the age of twenty one (21) and I am fully competent to make this Declaration. I have personal knowledge of the facts stated herein and they are all true and correct. I have personal knowledge of the facts stated herein because I am the Chief of Police for the City of La Marque. As Chief of Police, I have become familiar with the allegations that are being made in this lawsuit. I also served as the Interim City Manager for La Marque during some of the events giving rise to this lawsuit.

2.      I am a licensed peace officer in the State of Texas with more than thirty-nine (39) years of law enforcement experience. For over a decade of those years, I have served in a capacity as a Chief of Police for La Marque, as well as in the States of South Carolina, Arkansas, North Carolina, New Mexico, and in the State of Alaska. I hold a Bachelor's



degree from the University of Nebraska at Omaha and earned a Master's degree from Webster University in 1987. In 1976, I graduated from the South Carolina Criminal Justice Academy. After serving as a peace officer for many years in South Carolina, I moved to Texas in 2009. I am also a graduate of the FBI National Academy, 168th Session, in 1992 and the FBI's National Executive Institute, in 2016. . I hold a certification as a Master Peace Officer from the Texas Commission on Law Enforcement Education ("TCOLE"). I have taken all additional law enforcement training courses required by TCOLE, completing a total of 1,726 TCOLE course hours to date, and my license is in good standing.

3.      I was appointed as Chief of Police for the City of La Marque Police Department on October 20, 2021. As the Chief of Police for the City of La Marque, I oversee policy development and support processes for the police department.  The La Marque Police Department has a written Code of Conduct in place. The La Marque Police Department Policy Manual lists rules of conduct standards require strict compliance with Texas law and the United States Constitution. The Rules of Conduct include a "Code of Ethics" patterned after the Texas Police Chief's Association Texas Best Practices guidelines. Those policies were in place at all times relevant to the alleged actions made the basis of these proceedings. True and correct copies of the Code is attached to this affidavit as Exhibit "A." None of these policies would have caused any unconstitutional acts to occur in this case.

4.      As the City of La Marque Police Chief and Interim City Manager, I became familiar with Plaintiff because of a variety of complaints made against Mr. Lowry as well as a variety of complaints made by him. During my time as Chief of Police for the City of La Marque, Mr. Lowry has not been arrested by any officer employed by the City of La Marque for any violation about which I am aware.

5.      I am familiar with Mr. Lowry's allegation that city workers removed political signage for Plaintiff's preferred causes. I, personally did not remove any signs and the City of La Marque Police Department did not engage in any activity regarding the signs' alleged removal. Neither I nor City police officers removed any such signs. Police officers must have legal justification for their actions, and the City does not authorize any conduct that exceeds an officer's lawful authority. In many situations, an officer or other city official must use his or her own sound judgment and discretion in determining what action to take in effecting City policies and upholding state and federal law. I am not aware of any similar incidents before or after the alleged incidents in question, where citizens complained of an official's actions or of an alleged unconstitutional act involving a similar fact pattern.

6.      I am aware of Plaintiff's allegations that his Facebook posts were removed from the City of La Marque's Facebook page. I had no involvement in the City's Facebook page creation, page rules, or its administration. I have not removed Plaintiff's posts on Facebook or any other social medium. In addition, I did not ban Plaintiff from the City's Facebook

page or from any other social medium. I did not instruct anyone to ban Plaintiff or remove his comments from the City's Facebook page, or any other social medium.

7.    I learned of a planned protest regarding Plaintiff. A permit was requested from the City for January 15, 2022. It is my understanding that the application for permit to protest was NOT approved. I did not participate, encourage or help to organize the protest. I am not aware of anyone employed by the City did not participating in or organizing the protest, as the City denied the application. However, we were informed that people were going to proceed with the protest on private property. Due to this, the La Marque police department decided to have a presence there in order to keep the peace. The La Marque Police Department put together a security plan operation, and former La Marque police officer Lieutenant Geoff Price was the patrol commander for the La Marque Police Department in charge of security for the event. I understood that the permit had called for over 100 attendees, but due to the weather, it was poorly attended. On information and belief, the La Marque Police department learned that Plaintiff was not in his house during the poorly attended event and no significant events occurred to which the Police Department needed to respond.

8.    I am familiar with Plaintiff's allegations that he was called a domestic terrorist. At an Open Session City Council meeting, while I was the City's Interim City Manager, I conveyed my opinion that the City should be expending its resources in preventing crime. and that citizens, in my opinion, were receiving treatment akin to being terrorized as a result of the actions of certain individuals. In my opinion, the City's resources were being diverted to help handle the high volume of reports both by and against the Plaintiff. My comments were made in open session of the La Marque City Council in my role as Interim City Manager and Police Chief.

9.    Based on my experience, training, and education, it is my belief that no actions that I have taken violated clearly established law. I do not believe that any action or inaction under the circumstances surrounding the Plaintiff's allegations violated clearly established law. It is also my opinion and belief that no reasonable governmental official would believe that the actions taken under these facts and circumstances violated any clearly established law.

10.   It is my belief and opinion that a reasonable governmental official could conclude that any actions that I have taken or not taken relative to Plaintiff were reasonable and not a violation of clearly established law. It is my belief and opinion that almost all governmental officials would conclude that actions in this matter were reasonable and not a violation of clearly established law. I have not observed any pattern, practice or custom by City of La Marque officials that violate citizens' Constitutional rights. I am not aware of any pattern of complaints against officials regarding to similar allegations other than the Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief."

Executed this 15th day of October, 2024.

-----------------------------
    Randall Aragon



| | **LA MARQUE POLICE DEPARTMENT** |
|---|---|
| | **Policy 2.1  Rules of Conduct** |
| | **Effective Date: 10/01/2023**  \|  **Replaces:** |
| | **Approved:** _R. Aragon_ <br> Chief of Police |
| | **Reference:** TBP: 1.08, 2.02, 2.12, 2.14, 2.15, 2.16, 2.17, 2.18, 2.19, 2.20, 2.21, 2.22, 2.25 |

## I.  POLICY

The La Marque Police Department and the public expect all personnel to maintain high standards of appearance and conduct.  The mission of the Department is to work with all members of the community to preserve life, maintain human rights, protect property, and promote individual responsibility and community commitment.

## II.  PURPOSE

To define Departmental expectations for on and off-duty personal behavior.  This order applies to all employees both sworn and non-sworn. **(TBP: 2.12)**

## III. CODE OF ETHICS (TBP: 2.02)

All officers shall display the integrity required by the Law Enforcement Code of Ethics:

As a law enforcement officer, my fundamental duty is to serve the community; to safeguard lives and property, to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

I will keep my private life unsullied as an example to all and will behave in a manner that does not bring discredit to me or my agency.  I will maintain courageous calm in the face of danger, scorn, or ridicule; develop self-restraint; and be constantly mindful of the welfare of others.  Honest in thought and deed in both my personal and official life, I will be exemplary in obeying the law and the regulations of my department.  Whatever I see or hear of a


EXHIBIT
A

confidential nature or that is confided to me in my official capacity will be kept ever secret unless revelation is necessary in the performance of my duty.

I will never act officiously or permit personal feelings, prejudices, political beliefs, aspirations, animosities, or friendships to influence my decisions. With no compromise for crime and with relentless prosecution of criminals, I will enforce the law courteously and appropriately without fear or favor, malice, or ill will, never employing unnecessary force or violence and never accepting gratuities.

I recognize the badge of my office as a symbol of public faith, and I accept it as a public trust to be held so long as I am true to the ethics of police service. I will never engage in acts of corruption or bribery, nor will I condone such acts by other law enforcement officers. I will cooperate with all legally authorized agencies and their representatives in the pursuit of justice.

I know that I alone am responsible for my own standard of professional performance and will take every reasonable opportunity to enhance and improve my level of knowledge and competence.

I will constantly strive to achieve these objectives and ideals, dedicating myself before God to my chosen profession . . . law enforcement.

## IV. GENERAL DUTIES

A. All officers shall, within jurisdictional limits, prevent crime, preserve the peace, protect life and property, detect and arrest violators of the law, and enforce the laws of the United States, the laws of the State of Texas, and all local ordinances, according to the rules, regulations, and general orders of the Department. Officers must know that when they act under the color of law, they are enforcing the law according to statutes, written administrative guidance in the Department, ordinances, common usage, and custom. Further, officers shall exhibit good moral character in the administration of their duties according to Departmental orders.

B. The Department maintains the right to establish oral and written orders to govern and control the efficiency, effectiveness, and safe operation of law enforcement. Officers shall be trained in the rules and expectations of professional conduct prior to assuming law enforcement duties.

C. Management reserves the prerogative to discipline personnel for violations of the rules listed in this order as well as violations of all Departmental orders and directives. The decision to discipline and the measure of discipline employed depend on the rule or law violated the consequences of the employee's actions, and the employee's prior history and experience.

D. Performance Prohibitions

1. As appropriate, disciplinary action may be taken for any of the following reasons:

   a. Incompetent or inefficient performance or dereliction of duty.

   b. Insubordination, discourteous treatment of the public or a fellow employee, or any act of omission or commission of similar nature which discredits or injures the public. (Insubordination may also consist of direct, tacit, or constructive refusal to do assigned work.)

   c. Mental or physical unfitness for the position which the employee holds.

   d. Conviction of a felony or misdemeanor involving conduct amounting to moral turpitude (see III.A), or a pattern of misconduct as displayed by series of misdemeanor convictions.

   e. Failure to report to an appropriate superior authority incompetence, misconduct, inefficiency, neglect of duty, moral turpitude, or any other form of misconduct or negligence of which the employee has knowledge.

   f. Failure of a supervisory employee to take corrective action regarding employees under his or her supervision who may be guilty of any form of neglect of duty or misconduct where the supervisor knows or should have known of the dereliction.

2. Nothing in these rules and regulations limits the charges against employees because the alleged act or omission does not specifically appear in this manual, other order of the Department, or in the laws or ordinances of which the Department is responsible to enforce.

3. No member of the Department shall be a member of any organization which advocates the violent overthrow of the government of the United States, the State of Texas, or any unit of local government, or participate in any organization which has a purpose, aim, objective, or any practices which are contrary to the obligations of a law enforcement officer under these rules and regulations.

E. Obedience to Rules of Conduct, laws, and orders

All employees, regardless of rank or assignment, shall be governed by the following general rules of conduct. Violation of any of these rules by any officer of the Department shall be considered sufficient cause for dismissal, demotion, suspension, or other disciplinary action.

1. <u>Obedience to Laws.</u> Employees shall abide by the laws of the United States and the State of Texas as well as the ordinances of the City of La Marque.

2. <u>Adherence to Departmental Rules.</u> Employees shall abide by the rules of the City of La Marque Employee Handbook, and the La Marque Police Department Policy and Procedure Manual and other properly issued internal directives of the Police Department.

3. <u>Applicability of Rules.</u> Certain rules may not apply in undercover police assignments specifically authorized by supervisors in accordance with this Policy Manual. Officers will be strictly accountable for justifying their actions.

4. <u>Insubordination.</u> Employees shall promptly obey all lawful orders and directions given by supervisors and radio dispatchers. The failure or deliberate refusal of employees to obey such orders shall be deemed insubordination and is prohibited. Flouting the authority of a supervisor by displaying obvious disrespect or by disputing their orders shall likewise be deemed insubordination. **(TBP: 1.08)**

5. <u>Issuance of Unlawful Orders.</u> No commanding or supervisory employee shall knowingly or willfully issue an order that violates a federal or state law, a city ordinance, or a Departmental rule or policy.

6. <u>Obedience to Unjust or Improper Orders.</u> If an employee receives an order he believes is unjust or contrary to a Departmental General Order or rule, he must first obey the order to the best of his ability and then may appeal the order to the Chief of Police via the proper chain of command.

7. <u>Obedience to Unlawful Orders.</u> No employee is required to obey an order that is contrary to the laws of the United States or the State of Texas or the ordinances of the City of La Marque. If an employee receives an unlawful order, they shall report in writing the full facts of the incident and their actions to the Chief of Police via the chain-of-command.

8. <u>Conflicts of Orders.</u> If an employee receives an order that conflicts with one previously given to them by a supervisor, the employee receiving the order shall respectfully point this out to the supervisor who gave the second order. If the supervisor giving the second order does not change the order in a way that eliminates the conflict, the second order shall stand and shall be the responsibility of the second supervisor. If the second supervisor so directs, the second order shall be obeyed first. Orders shall be countermanded only when necessary for the good of the Department. **(TBP: 1.08)**

F. Attention to Duty

1. <u>Performance of Duty.</u> Employees shall be attentive to their duties at all times, and shall perform all duties assigned to them, even if such duties are not specifically assigned to them in any Departmental rules or procedures manual.

2. <u>Duty of Supervisors.</u>  Supervisors will enforce the rules, regulations, and policies of the La Marque Police Department.  They will not permit, or otherwise fail to prevent, violations of the law, Departmental rules, policies or procedures. They will report violations of Departmental rules, policies, or procedures to their immediate superior without delay. Where possible, they will actively prevent such violations or interrupt them as necessary to ensure efficient, orderly operations.

3. <u>Conduct and Behavior.</u>  Employees whether on-duty or off-duty shall follow the ordinary and reasonable rules of good conduct and behavior and shall not commit any act in an official or private capacity tending to bring reproach, discredit, or embarrassment to their profession or the Department. Employees shall follow established procedures in carrying out their duties as police officers and/or employees of the Department, and shall at all times use sound judgment.

4. <u>Responsibility to Serve the Public.</u>  Employees shall promptly serve the public by providing direction, counsel and other assistance that does not interfere with the discharge of their duties. They shall make every attempt to respond to the inquiry or request for assistance themselves.

5. <u>**Responsibility to Respect the Rights of Others.**</u>  Employees shall respect the rights of individuals, and shall not engage in discrimination, oppression, or favoritism. Employees shall maintain a strictly impartial attitude toward all persons with whom they come in contact within an official capacity. **(TBP: 2.17)**

6. <u>Truthfulness.</u>  Members shall be truthful in all official verbal and written communications and reports.  Employees will be truthful in any court related testimony or agency investigations. **(TBP: 2.14)** Officers who are undercover or conducting interviews or interrogations may find it necessary to provide inaccurate information to maintain their cover or determine the truthfulness or veracity of a subject.

7. <u>Officers Always Subject to Duty.</u>  Officers shall at all times respond to the lawful orders of supervisors, and to the call of individuals in need of police assistance.  The fact that they may be off duty shall not relieve them from the responsibility of taking prompt and proper police action or from being recalled to duty as needed.

   a. The above shall not be construed to include enforcement of laws of a Class "C" misdemeanor nature, or traffic offenses except for breach of the peace, theft, or assault.
   b. While off-duty, or in their personal vehicle, officers shall not enforce, or take any police action to enforce Class "C" traffic offenses.

8. <u>Officers Required to Take Action.</u>  Except where expressly prohibited, Officers are required to take prompt and effective police action conforming to Departmental policy with respect to violations of laws and ordinances coming to their attention or of which they have knowledge.  Officers shall promptly and punctually perform all official duties. Officers shall render, or cause to be rendered, medical assistance to any injured person.

9. <u>Reporting for Duty.</u>  Employees shall promptly report for duty properly prepared at the time and place required by assignments, training, subpoenas, or orders.  Line officers shall remain at their posts or place of assignment until properly relieved by another officer or dismissed by a supervisor.  All other officers and employees shall promptly report for duty properly prepared at the time and place required by assignment and shall remain at their post, place of assignment, or otherwise engaged in their duty assignment until having completed their tour of duty as set by established procedures or dismissed by a supervisor. Employees are subject to emergency recall and shall report for duty during emergencies when so notified by a supervisor or the Chief of Police. **(TBP: 2.16, 2.22)**

10. <u>Exceptional leave.</u>  Employees shall, in situations requiring emergency leave or sick leave, notify their supervisors of the circumstances as soon as possible.  If unable to report to work, employees shall notify the on-duty supervisor at least one hour before reporting time.

11. <u>Remaining Alert to Duty.</u>  While on duty or at training, employees shall remain alert and awake, unencumbered by alcoholic beverages, prescription drugs, illegal narcotics, or conflicts arising from off-duty employment.

12. <u>Prohibition of Personal Business while on Duty.</u>  While on duty, officers shall not engage in any activity or personal business which would cause them to neglect their duty.

13. <u>Availability While on duty.</u>  Employees while on duty shall not conceal themselves except for some authorized police purpose.  Employees shall keep themselves immediately and readily available at all times while on duty.

14. <u>Assistance to fellow Officers.</u>  An officer shall not display cowardice in the line of duty or in any situation where the public or another officer might be subjected to physical danger.  Unless incapacitated themselves, officers shall aid, assist, and protect fellow officers in time of danger or under conditions where danger might be impending.

15. <u>Prompt Response to All Calls.</u>  Officers while on duty shall respond without delay to all calls for police service.  Calls shall be answered in compliance with normal safety precautions, traffic laws, and Departmental policy.

16. <u>Duty to Report All Crimes and Incidents.</u>  Employees shall promptly report all crimes, violations, emergencies, incidents, dangers, hazardous situations,

and police information that come to their attention. Employees shall not conceal, ignore, or distort the facts of such crimes, violations, emergencies, incidents, and information.

17. <u>Responsibility to Know Laws and Procedures.</u>  Employees shall know the laws and ordinances they are charged with enforcing, all Departmental orders and rules, and the duties and procedures governing their specific assignments.

18. <u>Responsibility to Know Districts and Locations.</u>  Officers shall know the location and boundaries of their assigned areas.  Officers also shall be familiar with the names and general locations of all streets and highways and the names and locations of hospitals and major public buildings.

19. <u>Keeping Posted on Police Matters.</u>  Each day while on duty and immediately upon returning from an absence, employees shall study and become familiar with the contents of recently issued communications and directives.

20. <u>Sleeping on duty.</u>  Employees must be alert throughout their tours of duty. Sleeping while on duty is forbidden.

21. <u>Assisting Criminal Activity.</u>  Employees shall not communicate in any manner, directly or indirectly, any information that may delay an arrest or enable persons guilty of criminal acts to escape arrest or punishment, dispose of property or goods obtained illegally, or destroys evidence of unlawful activity.

22. <u>Reading on duty.</u>  Employees shall not read newspapers, books, or magazines while on-duty and in the public view unless such reading has been assigned by a supervisory officer.

23. <u>Studying on duty.</u>  Employees shall not, during their regularly assigned working hours, engage in any studying activity that is not directly related to their current job assignments, unless authorized by their supervisor.

24. <u>Maintaining Communications.</u>  While officers are on duty or officially on call, they shall be directly available by normal means of communication, or shall keep their office, headquarters, or supervisors informed of the means by which they may be reached when not immediately available.

25. <u>Reporting Accidents and Injuries.</u>  Employees shall immediately report the following accidents and injuries: all on-duty traffic crashes in which they are involved, all personal injuries received while on-duty, all personal injuries not received while on-duty but which are likely to interfere with performance of assigned duties, all property damage or injuries to other persons that resulted from the performance of assigned duties, and all accidents involving city equipment whether on or off-duty.

26. <u>Report Address and Telephone Number.</u>  Employees shall have a working telephone or other means of communication in case of emergency at their residence and shall register their correct residence address and telephone number with the Department on the prescribed form. Any change in address or telephone number must be reported immediately.

27. <u>Testifying in Departmental Investigations.</u>  When directed by a competent authority to make a statement or furnish materials relevant to a Departmental administrative investigation, officers shall comply with the directive.

28. <u>Carrying Firearms.</u>  Except for senior staff or as approved by the Chief of Police or established procedures, all officers are required to carry sidearms while on duty. While off-duty, officers are encouraged to carry sidearms that they are qualified to carry.

29. <u>Registration of Firearms.</u>  All weapons carried and used by officers in the performance of their official duties must be registered with the Department. Required registration information must be kept current.

**30.** <u>Duty to Intervene.</u>  Any employee present and observing another employee, regardless of rank, using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, safely intervene to prevent the use of excessive force.  Examples of force that would require an employee's intervention may include but are not limited to:  use of choke holds [in any situation where deadly force would not be authorized]; using force against a restrained or subdued suspect; leaving a secured suspect in a prone position in any fashion that restricts breathing or blood flow; any use of force in violation of this Department's policy.  Employees shall promptly report those observations in writing to a supervisor.  The obligation to report remains in place even if the employee is successful in intervening in the use of excessive force.  Any failure to intervene and/or a failure to report in writing, improper use of force shall be grounds for discipline. **(TBP 2.25)**

G. <u>Cooperation with Fellow Employees and Agencies</u>

1. <u>Respect for Fellow Employees.</u>   Employees shall treat other members of the Department with respect.  They shall be courteous, civil, and respectful of their superiors, subordinates, and associates, and shall not use threatening or insulting language.

2. <u>Interfering with Cases or Operations.</u>  Employees shall not interfere with cases assigned to others.  Employees shall not interfere with the work or operations of any unit in the Department or the work or operations of other governmental agencies.  Employees against whom a complaint has been made shall not directly or indirectly contact or attempt to contact for any reason, the complainant, witness, or any other persons related to the case in an attempt to intimidate or to secure the abandonment or withdrawal of the complaint, charges, or allegations.

H.  <u>Restrictions on Behavior</u>

1.  <u>Interfering with Private Business.</u>  Employees, during their duties, shall not interfere with the lawful business of any person.

2.  <u>Use of Intimidation.</u>  Employees shall not use their official positions to intimidate persons.

**3.**  <u>Soliciting and Accepting Gifts and Gratuities.</u>  Unless approved by the Chief of Police, employees of the La Marque Police Department may not accept any reward, gratuity, gift, or other compensation for any service performed as a result of or in conjunction with their duties as employees of the Department regardless of whether the service was performed while said persons were on or off-duty. Employees also shall not solicit any gift, gratuity, loan, present, fee or reward for personal gain. **(TBP: 2.21)**

4.  <u>Soliciting and Accepting Gifts from Suspects and Prisoners.</u>  Employees are strictly prohibited from soliciting or accepting any gift, gratuity, loan, fee, or other item of value, or from lending or borrowing, or from buying or selling anything of value from or to any suspect, prisoner, defendant, or other person involved in any case, or other persons of ill repute, or professional bondsmen, or other persons whose vocations may profit from information obtained from the police Department. **(TBP: 2.21)**

**5.**  <u>Reporting Bribe Offers.</u>  If an officer receives a bribe offer, he shall make a written report to his commanding officer. **(TBP: 2.21)**

**6.**  <u>Accepting Gifts from Subordinates.</u>  Without approval from the Chief of Police, employees shall not receive or accept any gift or gratuity from subordinates, other than customary celebratory times such as holidays or birthdays. **(TBP: 2.21)**

**7.**  <u>Soliciting Special Privileges.</u>  Employees shall not use their official positions or identification to solicit special privileges for themselves or others, such as free admission to places of amusement, discounts on purchases, or free or discounted meals or refreshments. **(TBP: 2.21)**

8.  <u>Personal Use of Police Power.</u>  Officers shall not use their police powers to resolve personal grievances (e.g., those involving the officer, family members, relatives, or friends) except under circumstances that would justify the use of self-defense, actions to prevent injury to another person, or when a serious offense has been committed that would justify an arrest. In all other cases, officers shall summon on-duty police personnel and a supervisor in cases where there is personal involvement that would reasonably require law enforcement intervention.

9. <u>Giving Testimonials and Seeking Publicity.</u>  Employees representing themselves as members of the La Marque Police Department shall not give testimonials or permit their names or photographs to be used for commercial advertising purposes. Employees also shall not seek personal publicity either directly or indirectly in the course of their employment.

10. <u>Soliciting Business.</u>  Employees shall not, while on duty, solicit subscriptions, sell books, papers, tickets, merchandise, or other items of value nor collect or receive money or items of value for any personal gain to themselves or others.  Employees may solicit for projects related to charitable fundraising, but only when done in a manner not to disrupt the workplace and only which the approval of the Chief of Police.

11. <u>Drinking on duty.</u>  Employees shall not drink any intoxicating beverages while on duty. **(TBP: 2.19)**

12. <u>Intoxication.</u>  Employees shall not be under the influence of any intoxicating beverage or substance during their tour of duty or immediately prior to their tour of duty.  Nor shall officers be intoxicated off-duty while in public view.  While off-duty, officers that have consumed an alcoholic beverage to the extent that their mental and physical faculties are impaired shall refrain from exercising any police authority.  Officers assigned to special units, or assignments where they may consume alcoholic beverage during the performance of their duties shall not do so to the extent that their mental and physical faculties are significantly impaired. **(TBP: 2.19)**

13. <u>Drinking While in Uniform.</u>  At no time shall any officer consume alcoholic beverages while in uniform. **(TBP: 2.19)**

14. <u>Liquor on Official Premises.</u>  Employees shall not bring containers of intoxicating beverages into a Police Department building or vehicle except as evidence. **(TBP: 2.19)**

15. <u>Entering Bars, Taverns and Liquor Stores.</u>  Officers on-duty or in uniform shall not enter or visit any bar, lounge, parlor, club, store, or other establishment whose primary purpose is the sale and on-premises consumption of liquor unless for the purpose of official duties, and shall not otherwise enter, remain, or frequent such places.  Officers on duty or in uniform also shall not purchase intoxicating beverages. **(TBP: 2.19)**

16. <u>Drug Usage.</u>  While on or off duty, employees shall not use any illegal drug or any controlled drug not prescribed by a physician.  Employees shall notify their supervisor if they are using any prescribed drug or any other medication or medical device that the employee believes might impair their driving or critical decision making. **(TBP: 2.20)**

17. <u>Tobacco Use.</u>  Smoking, to include E-Cigarettes, Vapes, and other electronic nicotine delivery systems, is prohibited in all office and building areas under

Departmental control and occupied by Department employees, except in designated smoking areas. Smoking (to include electronic and other tobacco use) is prohibited in all Department vehicles.

18. Public Tobacco use Prohibited. Officers shall not smoke or otherwise use tobacco products, to include E-Cigarettes, Vapes, and other electronic nicotine delivery systems, while engaged in traffic control, on an investigation, or while otherwise in contact with or in view of the public.

19. Playing Games on-duty. Officers on-duty or in uniform shall not engage in any games of cards, billiards, pool, dominoes, electronic arcade games, portable electronic games, computer games including both internally programmed games such as solitaire or Internet based games, or other games.

20. Political Activity. While in uniform or on duty, officers are not allowed to actively participate (e.g., make political speeches, pass out campaign or other political literature, write letters, sign petitions, actively and openly solicit votes) in political campaigns. Civilian employees are not allowed to actively participate (e.g., make political speeches, pass out campaign or other political literature, write letters, sign petitions, actively and openly solicit votes) in political campaigns while on duty. (TBP: 2.15)

21. Improper Release of Information. Employees shall not communicate to any person who is not an employee of this Department any information concerning operations, activities, or matters of law-enforcement business, the release of which is prohibited by law or which may have an adverse impact on law enforcement operations or officer safety.

22. Seeking Personal Preferment. Employees shall not solicit petitions, influence, or seek the intervention of any person outside the Department for purposes of personal preferment, advantage, transfer, advancement, promotion or change of duty for themselves or for any other person.

23. Criticism of the Department. Employees shall neither publicly nor at internal official meetings criticize or ridicule the Department or its policies, city officials or other employees by speech, writing, or other expression, where such speech, writing, or other expression is defamatory, obscene, unlawful, undermines the effectiveness of the Department, interferes with the maintenance of discipline, or is made with reckless disregard for truth or falsity.

24. Disruptive Activities. Employees shall not perform any action that tend to disrupt the performance of official duties and obligations of employees of the Department, or which tend to interfere with or subvert the reasonable supervision or proper discipline of employees of the Department.

25. Operation and Use of Police Radios. Operation and use of police radios is restricted to authorized and official police business. Personal conversations,

or using vulgar, sarcastic, or obscene language, or making unnecessary sounds are not permitted.

26. <u>Use of Racial Jokes and Slurs.</u>  No employee shall engage in any form of speech likely to be construed as a racial, ethnic, or religious slur or joke, whether in the presence of the public or of other employees.

27. <u>Use of Force.</u>  Officers shall use only that amount of force reasonably necessary to accomplish their police mission.

28. <u>Indebtedness to Subordinates.</u>  Supervisors shall not become indebted to their immediate subordinates.

29. <u>Personal Relationships Prohibited with Certain Persons.</u>  Employees shall not become personally involved or develop a personal or social relationship with a victim, suspect, or witness during any investigation. **(TBP: 2.18)**

30. Members (Officers & civilian staff) shall not associate with persons whom they know or should know to be criminals, prostitutes, gamblers, suspected felons, persons under criminal investigation or indictment, or who have a reputation in the community for present involvement in felonious or criminal behavior, except as necessary in the performance of official duty or while acting under proper and specific orders from a superior officer.  Family members excluded.

31. <u>Duty to be Kind, Courteous, and Patient.</u>  Employees shall always be courteous, kind, patient, and respectful in dealing with the public. Employees shall strive to win the respect of all members of the community in the discharge of their official duties.  When addressed, employees shall avoid answering questions in a short or abrupt manner, and shall not use harsh, coarse, violent, profane, indecent, suggestive, sarcastic, or insulting language.

I.  <u>Identification and Recognition</u>

1. <u>Giving Name and Badge Number.</u>  Officers shall give their  name, badge number  and  other  pertinent  information to any person requesting  such facts  unless doing so would  jeopardize  the  successful completion of a police assignment.

2. <u>Carrying Official Identification.</u>  Officers shall always carry their official identification on their persons. All employees will carry their official identification on or about their persons while on duty.

3. <u>Personal Cards.</u>  Employees are not permitted to have or use personal cards showing their connection to the Department if such cards bear any information not directly pertaining to their work as police Department employees.

4. <u>Exchange, Alteration or Transfer of Badge.</u>  An employee's issued badge shall not be altered or exchanged between employees or transferred to another person except by order of the Chief of Police.  Employees retiring or resigning will not be permitted to retain their badge when doing so will hamper normal operations of the Department.  All badges must be purchased unless exempted by the Chief of Police; however, this rule shall align with the current CBA for retiring officers.ba

5. <u>Plainclothes Officers – Identification.</u>  A uniformed officer shall neither acknowledge nor show recognition of another police officer in civilian clothes unless that officer first addresses the uniformed officer.

J.  <u>Maintenance of Property</u>

1. <u>Use of City Property or Service.</u>  Officers shall not use or provide any city equipment or service other than for official city business.

2. <u>Responsibility for City Property.</u>  Employees shall be responsible for the proper care and use of Department property and equipment assigned to or used by them and shall promptly report to their supervisors any loss, damage, destruction, or defect therein.

3. <u>Departmental Vehicles.</u>  Employees shall operate Department vehicles and other equipment in such a manner as to avoid injury to persons or damage to property.  Whenever a police vehicle is involved in an accident, the operator shall notify a supervisor immediately.  Under no circumstances shall an officer investigate his or her own accident.   The Department of Public Safety, Galveston County Sheriff's Office or Texas City Police Department will be requested to investigate police involved accidents, unless otherwise approved by a member of the Police Administration.

4. <u>Reporting Damage.</u>  At the beginning of a tour of duty, employees shall examine any vehicle assigned to them and report any operational deficiencies, damage, or defects to their supervisors.  Failure to report damage or defects creates the presumption that the employee inspected the vehicle and found no damage or defects.  The employee, in this case, shall be held responsible for the damage.

5. <u>Responsibility for Private Property.</u>  Employees are responsible for protecting private property or equipment that has come into their possession by reason of their office against loss, damage, or destruction.

6. <u>Care of Quarters.</u>  Employees shall keep their offices, lockers, and desks neat, clean, and orderly.

7. <u>Property and Evidence.</u>  Employees shall not convert to their own use, manufacture, conceal, falsify, destroy, remove, tamper with, or withhold any

property or evidence held in connection with an investigation or other official action except in accordance with established procedures. Any property or evidence coming into the possession of an employee shall be submitted to the property room prior to the end of shift.

8. Alteration or Modification of Police Equipment.  Officers shall not use any equipment that does not conform to Departmental policy or specifications. All equipment shall be carried and utilized only as issued and authorized, and no changes, alterations, modifications, or substitutions shall be made to such equipment unless approved by the Chief of Police.


K. Relationship with Courts and Attorneys

1. Attendance in Court.  Employees shall arrive on time for all required court appearances and be prepared to testify. Each member shall be familiar with the laws of evidence and shall testify truthfully on any matter.

2. Recommending Attorneys or Bondsmen.  Employees shall not suggest, recommend, advise, or counsel the retention of a specific attorney or bondsmen to any person (except relatives) coming to their attention as a result of police business.

3. Testifying for a Defendant.  Any employee subpoenaed or requested to testify for a criminal defendant or against the City of La Marque or against the interests of the Department in any hearing or trial shall immediately notify the Chief of Police through the chain of command.

4. Interviews with Attorneys.  Interviews between an officer and a complainant's attorney about a case arising from the officer's employment by the Department shall be done in the presence of or with the knowledge and consent of the officer's commanding officer, Department legal counsel, or prosecutor.

5. Assisting and Testifying in Civil Cases.  Officers shall not serve civil-process papers nor render assistance in civil cases except as required by law. No employee shall volunteer to testify in civil actions.

6. Notice of Lawsuits against Officers.  Employees who have had a suit filed against them because of an act performed in the line of duty shall immediately notify the Chief of Police in writing and furnish a copy of the complaint as well as a full and accurate account of the circumstances in question.

7. Notice of Arrest or Citation.  Employees who have become the subject of a citation (other than traffic citations) or arrest action in any other jurisdiction shall immediately notify the Chief of Police.

8. <u>Arrest of Officer from another Agency.</u>  An officer who arrests a sworn officer of another law enforcement agency shall immediately notify his or her own supervisor of the fact.  Officers shall take whatever action is appropriate to the circumstances including issuance of summonses or making a physical arrest.  That the person cited or arrested is a law-enforcement officer shall make no difference.

9. <u>Arrest of a La Marque Officer.</u>  If an officer has probable cause to arrest a sworn officer of our Department, the officer shall first contact his or her immediate supervisor to review and confirm probable cause.  In most cases, the officer may obtain a warrant against the suspect officer.  Some occasions may demand an immediate custodial arrest.

L. Expectation of Privacy

1. Employees shall have no expectation of personal privacy in such places as lockers, desks, departmentally owned vehicles, file cabinets, computers, or similar areas that are under the control and management of this law enforcement agency. While this agency recognizes the need for officers to occasionally store personal items in such areas, officers should be aware that these and similar places may be inspected or otherwise entered—to meet operational needs, internal investigatory requirements, or for other reasons—at the direction of the agency chief executive or his or her designee.

2. No member of this agency shall maintain files or duplicate copies of official agency files in either manual or electronic formats at his or her place of residence or in other locations outside the confines of this agency without express permission.

M. Vacation request

1. Vacations of Three (3) or More Days

A. An employee wanting vacation day(s) will file a written request with their supervisor no less than seven (7) days prior to the starting date of vacation.

B. The Supervisor will ensure that:

   a. The requested time is accrued,
   b. Ensure the absence does not bring his work force below requirements,
   c. Approve or deny the request, and
   d. Notify the employee and the Patrol Services Division Commander of the approval or denial.

2. No vacation time will be approved if the employee does not have accrued time.

3. Time limits for requests may be waived by the Division Commander.

4. Seniority will prevail in the approval of vacation request; however, once a vacation has been approved, it will not be canceled due to a subsequent vacation request from an employee with higher seniority.

5. Vacation request will be submitted within the calendar year the vacation is being taken (exception for the last quarter of the year)

6. Employees will receive written confirmation of approval or denial, with an explanation if denied, in a timely fashion, from the supervisor.

7. Any approved vacation will not be canceled by a supervisor unless an emergency arises, and other personnel are unavailable. Any cancellation by the Department must be approved by the Division Commander.

N. Employee Sick Leave

1. Patrol Services Division (PSD) Personnel

   a. Officers calling in sick will contact the on-duty shift supervisor of the day at least four (4) hours prior to the start of their shift if possible.
   b. If the shift supervisor cannot be contacted, the patrol officer shall notify the dispatch center who will contact the on-duty supervisor who will in turn advise the applicable shift supervisor.

   c. The shift supervisor or in his absence the Patrol Services Division Commander will arrange for a replacement if needed for the safe operation of the shift.

   d. The shift supervisor or in his absence the Patrol Commander, when seeking a replacement, will first contact the off-duty officers, in pursuit of a volunteer. The supervisor may call other officers and offer the overtime if the shift officers decline. However, if the supervisor cannot find a volunteer then he will order someone from a shift which is off to report to duty. (Note: the supervisor or Division Commander in his initial contact with off-duty shift personnel will notify the officers they are on standby and may be called back if a volunteer cannot be located.)

   e. Patrol Supervisors calling in sick will contact the on-duty shift supervisor or Patrol Services Division Commander.

2. Administrative Services Division (ASD) Personnel

   a. Records personnel and Telecommunication personnel shall contact the Communications Center when calling in sick. If contact cannot

be made with the center, then contact should be made with the Lead Telecommunicator or the Administrative Services Division Commander.

    i.   If the sick employee is a Records Clerk, the on-duty telecommunications operator receiving a call from a sick employee will then advise the ASD Commander.

    ii.   If the sick employee is a telecommunications operator, the operator receiving the call will notify the Lead Telecommunicator.

3.  Investigative Services Division (ISD) Personnel

    a.  Personnel shall contact the ISD Commander when calling in sick and if contact cannot be made, the Telecommunicator on duty will be contacted.

4.  Deputy Chief, Division Commanders, or Chief's Administrative Assistant calling in sick shall call the Deputy Chief of Police or Chief of Police. If contact cannot be made, then the on duty Telecommunicator will be notified.

5.  Chief of Police calling in sick will shall call the Deputy Chief of Police and the City Manager.

6.  Physician Release

    a.  In cases where employees have had an injury, disabling illness, or has called in sick for two (3) consecutive days the Department may require a written release from a physician to permit the employee to return to work.

    b.  An employee's supervisor may request and obtain verification of the circumstances surrounding any use of sick leave.

O.  Employee Work Periods

1.  Hours of work/Meal Breaks

    a.  Civilian Shift Personnel

    Personnel in this category include Telecommunicators and other non-sworn employees who work a shift schedule. These personnel shall work a shift as determined by their immediate supervisor. The shift shall be equal to 80 hours in a two-week pay period and should be consistent with the patrol shift they are assigned to.

Civilian shift personnel shall take one, 30-minute uninterrupted meal break which should be taken near the middle of the shift as practical if the workload and their immediate supervisor permits.

Meal breaks may be taken in an authorized area of the police facility (break room, briefing room, etc.). Breaks may be taken away from the police facility, if there are adequate personnel on duty with travel time included in the 30 minutes period. Employees not receiving lunch break are not entitled to overtime pay for that time unless authorized by the Chief of Police.

b.  Civilian Non-Shift Personnel

Personnel in this category include secretaries, clerks, etc. who do not work a rotating shift system. These personnel shall work an eight-hour day, 40-hour week with overtime being paid for all work over 40 hours per week.

Civilian non-shift personnel are allowed to take a one hour nonpaid uninterrupted meal break which should be taken as near the middle of the work period as practical.

Meal breaks may be taken in an authorized area of the police facility (break room, briefing room, etc.). Breaks may be taken away from the police facility with travel time included in the one hour period.

c.  Sworn Police Personnel/Non-Exempt

All personnel in this category shall have a maximum work hour standard of 80 hours in a 14-day cycle.

Each employee will be allowed a total of 45 minutes for lunch which may be taken anywhere in the city including the employee's assigned work area if work load permits.

2.  Rest/Coffee Breaks

If work permits, all employees shall be allowed two 15-minute breaks per tour duty. One break shall be taken during the first four hours and one during the second four hours.

3.  Time Sheets

Time sheets (i.e., STW) will be completed on the last scheduled workday of the pay period for all personnel. Personnel will be held accountable for ensuring their time sheets are valid and reflect actual hours worked.

Time Clock will also be used for all non-exempt employees. Personnel will be held accountable for ensuring their time clock activity is valid and reflects actual hours worked. Should an employee miss a "time punch" they shall email their Division Commander advising them of this occurrence.

Overtime and Compensation Time Requests will be filled out by the employee on the day such is earned and shall be approved by the immediate supervisor.

4. Volunteer Work

The FLSA does not permit employees to conduct work activities for their employers during off duty hours. This law provides for fines and/or imprisonment for employees who are found in violation of its rules. Therefore, this order will be strictly enforced at all times.

a. Work Areas: Non-exempt employees of the La Marque Police Department shall not be permitted to be at their workstation prior to or after being relieved from their appointed duty time.

b. Personnel Meetings or Committees: Committees or meetings may be established or held for personnel to conduct planning and related activities as may be determined necessary by the Chief of Police. These personnel shall be either on duty or receive overtime pay.

5. Recall to Duty

In the event of the need for the recalling of off-duty personnel, the Department will contact these personnel as needed; however, in the event of a major disaster or incident, employees are encouraged to contact the on-duty supervisor to determine if their assistance is needed. No employees shall go to the scene of such an incident without being authorized by supervisory personnel. Recall will be to a designated staging area.

6. Trading Time

The FSLA allows commissioned personnel to trade work hours. Records are required to be maintained for 12 months and if the Department chooses to permit this benefit it must be closely administered to ensure that a fair system is in place.

Personnel who desire to trade work hours must submit a written request to the shift supervisor for approval.

7. Court Stand-by Status

In the event a civilian employee is placed on stand-by for a court trial in connection with their duties at the La Marque Police Department, the civilian employee must be able to respond to the court with a one-hour notice. The employee is entitled to compensation if desired for the period while on stand-by status. If compensation is desired by the employee, they will report for duty for assignment.

In the event a sworn officer governed by the Collective Bargaining Agreement (CBA), is placed on stand-by for a court trial in connection with their duties at the La Marque Police Department, the sworn officer will be compensated as per the current CBA.

8. Duty Status/Use of Police Uniform

To remove any questions concerning the status of a uniformed La Marque Police Department employee under FSLA, the police uniform will only be worn while on duty and to and from employee's place of residence (reasonable exceptions apply). Police personnel working off duty in uniform shall comply with Department policy and procedures at all times.

9. Special Assignments Off Duty

The Chief of Police shall assign or approve temporary off duty employment (which may be in uniform or plain clothes) for special police work such as athletic events, traffic control, contract police labor, crowd control, executive/citizen protection, etc. However, this work must be police work and related security requirements. Every effort shall be made to ensure fairness in the distribution of this type of off-duty employment.

Employees working off-duty must be able to perform all duties that may be required of a police officer. Therefore, officers will not be permitted to work off-duty uniform assignments who are on sick leave or injury leave.

Officers working off-duty must understand that other departmental policies may have further restrictions relating to off-duty employment. Additionally, the Chief of Police retains the right to approve, disapprove, or modify any officer's privilege to work off-duty/extra employment.