UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 3:22-cv-00112 |
| | § | Jury |
| CITY OF LAMARQUE, TEXAS, KEITH | § | |
| BELL, in his individual capacity and in his | § | |
| official capacity, KIMBERLEY YANCY, | § | |
| in her individual capacity and in her official | § | |
| capacity, and RANDALL ARAGON, in his | § | |
| individual capacity and in his official | § | |
| capacity, | § | |
| | § | |
| *Defendants.* | § | |

**JOINT MOTION TO EXTEND DEADLINES
IN DOCKET CONTROL ORDER**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

The Plaintiff and Defendants (collectively, the "Parties") file this Joint Motion to Extend Docket Control Order Deadlines and would respectfully show the Court as follows:

**I.
JOINT MOTION TO EXTEND DEADLINES**

The Parties in this matter jointly request to extend the deadlines in the Docket Control Order [Doc 42. The current deadline to exchange pretrial materials is Friday, January 17, 2025, which likely no longer comports with the flow of this case as the deadlines to respond and reply to the dispositive

motions were extended rather significantly. Defendants' reply to Plaintiff's response to the motions for summary judgment is now not even due until Monday, January 20, 2025. The Court will obviously need time to consider the motions, response and reply. Therefore, in light of the foregoing, the Parties respectfully request the current Docket Control Order deadlines be extended to coordinate with the current procedural posture of the case, until after the Court has had the opportunity to rule on pending dispositive motions.

## II.
## ARGUMENT AND AUTHORITIES

Under the Federal Rules of Civil Procedure, courts may modify a scheduling order with good cause. FED. R. CIV. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012)).

Here, the Parties agree that judicial efficiency would be served with an extension of the docket control deadlines. Good cause exists as holidays, current heavy caseloads and other unfortunate unforeseen circumstances delayed the Parties' full briefing of the motions. The Parties now seek an

extension of the deadline of the Parties' exchanging pretrial materials, currently set for January 17, 2025, to a reasonable time after the Court decides time motions for summary judgment and an extension of the current docket call now set for January 24, 2025, as well as any other deadlines that will result in judicial efficiency.  serve the interests of the Parties.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully request that the Court grant their Joint Motion to Extend Deadlines in the current Docket Control Order and extend the time for exchanging pre-trial materials and the docket call until after a ruling on the motions for summary judgment.

Respectfully submitted,

*/s/ Steven D. Selbe*
STEVEN D. SELBE
ATTORNEY-IN-CHARGE (Defendants)
Southern Dist. No.: 18003
State Bar No: 18004600
sselbe@grsm.com
1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone:(713) 961-3366
Facsimile: (713) 961-3938
**ATTORNEY FOR DEFENDANTS**

*/s/ Curt Hesse (signed by permission)*
CURT HESSE
ATTORNEY-IN-CHARGE (Plaintiff)
State Bar No 24065414

Curt@mooreandassociates.net
440 Louisiana Street, Suite 1110
Houston, Texas 77002
Telephone: (713-222-6775
Facsimile: (713)-961-3938
**ATTORNEY FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 17th day of January 2025 and is available for viewing and downloading from the ECF system, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

*/s/ Steven D. Selbe*
STEVEN D. SELBE