UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 3:22-cv-00112 |
| | § | Jury |
| CITY OF LAMARQUE, TEXAS, KEITH | § | |
| BELL, in his individual capacity and in his | § | |
| official capacity, KIMBERLEY YANCY, | § | |
| in her individual capacity and in her official | § | |
| capacity, and RANDALL ARAGON, in his | § | |
| individual capacity and in his official | § | |
| capacity, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE
EDISON:

Defendants, the City of La Marque, Texas ("City" or "La Marque"), Keith Bell,

Kimberley Yancy, and Randall Aragon (collectively the "Individual Defendants"), file

this Consolidated Reply to Plaintiff's Response [Doc. 49] to Defendants' Motions for

Summary Judgment. [Docs. 44 and 45] and for same reply as follows:

**I.**
**SUMMARY OF REPLY**

Sooner or later, a lawsuit has to be about *something*. A filed complaint setting

forth a discrete set of facts that, if proven, would constitute a valid cause of action

against an individual or entity. It cannot be a constant shifting sand dune of complaints that sifts through the wind this way and that. In this case, Plaintiff set forth his discrete facts and alleged causes of action in Counts One, Two and Three of his Third Amended Complaint [Doc. 24]1. Counts One and Two are against the Individual Defendants and Count Three is against the City.

The Individual Defendants and the City took those Counts at face value, denied the allegations and provided proof of the reasons for the denials and provided concrete legal arguments as to why no cause of action existed. Plaintiff's Response ignored Defendants' proof, arguments, affirmative defenses and standards for summary judgment and essentially says "this is really important to the Plaintiff and the motions should be denied. Also, I have some more complaints."  Plaintiff literally threw a whole bunch of stuff against the wall, asked the Court to sift through it and in two and a half pages of actual argument, asked the Court to find a fact question exists somewhere in the stuff.2

Unfortunately for Plaintiff, in Federal Court, if a defendant files a motion for summary judgment, a plaintiff cannot rest on its pleadings and yell "fact issue!" As the Fifth Circuit has noted "[a]t the summary judgment stage, we require evidence -- not absolute proof, but not mere allegations either." *Reese v. Anderson*, 926 F.2d 494,

---

1 Counts IV and V were previously dismissed in Doc. 35].
2 Defendants are also filing comprehensive objections to Plaintiff's Declaration and Exhibits filed in support of his Response.

499 (5th Cir. 1991). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A plaintiff must then "go beyond the pleadings" and "set forth specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. (internal quotations omitted).

## II.
## ARGUMENT AND AUTHORITIES

## CLAIMS THAT HAVE BEEN WAIVED

The Individual Defendants noted in their motion for summary judgment that the official capacity claims should be dismissed because they are duplicative of the claim against the City. [Doc. 44, p. 1]. Plaintiff did not address this argument in his Response and the official capacity claims against Keith Bell, Kimberley Yancy and Randall Aragon should be dismissed.

In addition, Plaintiff's Response makes the claim that there is a genuine issue of material fact as to whether defendants violated "Lowry's First Amendment rights." [Doc. 49, p. 9]. However, Plaintiff never addresses Count Two, which alleges a 14th Amendment claim. That claim is, therefore, waived. *Lopez v. River Oaks Imaging & Diagnostic Grp., Inc.*, 542 F.Supp.2d 653, 659 (S.D.Tex.2008) ("The Fifth Circuit

consistently holds that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court." (internal citations omitted)); *cf. United States v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir.2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived.").

By failing to even mention the 14th Amendment in his Response, Plaintiff has waived the Count Two claims.

## QUALIFIED IMMUNITY OF INDIVIDUAL DEFENDANTS

Plaintiff's 13-page response fails to even the mention the phrase "qualified immunity" much less satisfy his burden of overcoming it. Plaintiff's failure is fatal to his claims against the Individual Defendants.3

Qualified immunity includes two inquiries. The first question is whether the official violated a constitutional right. The second question is whether the "right at issue was 'clearly established' at the time of [the] alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Courts can decide one question or both and can start with either question. *See id.* at 236.

The second question—whether the official violated clearly established law, has been described by one Judge as "a doozy." *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019). A §1983 plaintiff bears the burden of proof to overcome qualified

immunity and the burden is heavy: A right is clearly established only if relevant precedent "ha[s] placed the ... constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, (2011). As noted by Judge Oldham, the pages of the *United States Reports* "teem with warnings about the difficulty of placing a question beyond debate."

There are also applicable principals to the qualified immunity inquiry. First, the constitutional question must be framed with specificity and granularity. For example, it is obviously beyond debate that the First Amendment prohibits certain governmental conduct. Yet, that is not enough. *Saucier v. Katz*, 533 U.S. 194, 202 (2001). The Supreme Court has "repeatedly told courts ... not to define clearly established law at [that] high level of generality." *al-Kidd*, 563 U.S. at 742. Rather, "[t]he dispositive question is whether the violative nature of *particular* conduct is clearly established." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quotation omitted); *see also Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). That is because qualified immunity is inappropriate only where the official had "fair notice"—"in light of the specific context of the case, not as a broad general proposition"—that his *particular* conduct was unlawful. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (quotation omitted). ("Qualified immunity is no immunity at all if 'clearly established' law can simply be defined as the right to be free from

---

3 Defendants' waiver argument is equally applicable to the qualified immunity defense of the

unreasonable searches and seizures."). Substitute "speech" for "searches and seizures" and the concept is the same in this matter.

Courts must also think twice before denying qualified immunity. The Supreme Court reserves "the extraordinary remedy of a summary reversal" for decisions that are "manifestly incorrect." *Kisela*, 138 S.Ct. at 1162 (Sotomayor, J., dissenting) (quotation omitted). Yet it routinely wields this remedy against denials of qualified immunity. *See*, *Wesby v. District of Columbia*, 816 F.3d 96, 102 (D.C. Cir. 2016) (Kavanaugh, J., dissenting from the denial of rehearing en banc) ("Indeed, in just the past five years, the Supreme Court has issued 11 decisions reversing federal courts of appeals in qualified immunity cases, including five strongly worded summary reversals."), *rev'd*, ––– U.S. –––, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018). As Judge Oldham explained, "We'd be ill advised to misunderstand the message and deny qualified immunity to anyone 'but the plainly incompetent or those who knowingly violate the law.'" Morrow, 917 F.3d at (quoting " *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiff found the teachings of the Supreme Court and the admonitions of the Fifth Circuit regarding qualified immunity to be so compelling that he ignores ALL of them, places his hands over his ears and signs the Flintstone's song in his response. It

---

Individual Defendants but because of its importance will be addressed in more detail.

is a stunning and utter failure to overcome his burden once qualified immunity was claimed.

Plaintiff alleged in his Third Amended Complaint in Count One that the Individual Defendants violated his First Amendment rights by banning him from the City's Facebook page. Defendants produced evidence that Plaintiff has been posting on Facebook before, during and after this lawsuit was filed. Further, the Defendants testified that: 1. They have no involvement with the Facebook page creation, page rules or its administration; 2. They have not removed any posts of Plaintiff from any social media site of the City; 3. They did not ban Plaintiff from any social medica site; 4. They have not instructed anyone to do so. [Doc. 44, Ex. 1, para. 6; Ex. 2, para. 5. Ex. 5, para. 5]. Plaintiff did not controvert a single sentence of that testimony and Plaintiff has created no fact question as to whether the Individual Defendants violated a constitutional right.

Presumably, Plaintiff tried to get somewhere in the neighborhood of satisfying his burden when he provided the names of the individuals he believes administer the social media sites in his Declaration [Doc. 49, Ex. 1, p. 12, para. 42]. However, he fails to make the next step i.e. to provide evidence that those individuals acted, they acted improperly and acted under the order of one or more of the Individual Defendants.

Under §1983, supervisory officials are not vicariously liable for the conduct of

their subordinates. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017) To hold supervisors liable, a plaintiff must prove "either that they participated in acts that caused the constitutional deprivation or that they implemented unconstitutional policies causally related to his injuries." *Id.* at 421. Ratification is not a viable theory of liability against a supervisor. *Khansari v. City of Houston*, 14 F.Supp.3d 842, 867 (S.D. Tex. 2014) ("This Court is not aware of and plaintiffs have not cited any cases imposing personal liability on a supervisor based on ratification.").

Plaintiff has failed to present a shred of evidence that the Individual Defendants play any role in the administration of the social media sites of the City and has presented no evidence that they ordered any post removed, limited or that Plaintiff be banned.

Although you would never know it by reading Plaintiff's Response to the Motion for Summary Judgment, an explanation of the administration of the Facebook page of the City is made in the Declaration of Joshua Pritchett. [Doc. 44, Ex. 4, paras. 3 and 4]. The social media sites were created as limited public forums with specific, content neutral terms and conditions that are prominently displayed. The sites are also subject to Facebook's terms of service. They were created with the help of attorneys and other municipal organizations who were creating comparable sites.

To overcome the second prong of qualified immunity (the "doozy"), a plaintiff must identify a case or a series of cases which would give an official "fair notice" that

his actions would be unconstitutional for a plaintiff to overcome the defense of qualified immunity.  Plaintiff cannot do that in this case. In a case with rather unique facts, *Lincoln v. Scott*, 887 F.3d 190, 196 (5th Cir. 2018), the Fifth Circuit made that exact conclusion.

> The intricate facts here—reasonableness of detaining a sole, compliant witness to a police shooting—have never been directly addressed or clearly established by this Circuit or the Supreme Court . . . Our inability to point to a string of cases establishing 'settled law' that these facts amount to a Fourth Amendment violation demonstrates that the violated right was not so clearly established that these officers can be liable.

*Lincoln*, 887 F.3d at 198.

In this unique factual case, Plaintiff has failed to set forth a case or series of cases that would give the Individual Defendants notice that a limited public forum social media site, with content neutral terms prominently displayed, subject to Facebook's terms of service, with a third party administrator, violated the constitutional rights of the Plaintiff. Without such a case or series of cases, the law is not clearly established, and Keith Bell, Kimberley Yancy and Randall Aragon are entitled to judgment as a matter of law.[4]

## PLAINTIFF FAILS TO OVERCOME CITY'S *MONELL* PROOF

The City asserted in its Motion for Summary Judgment that it had no policy and there was no pattern or practice of violating Plaintiff's constitutional rights. It

---

[4] In Plaintiff's Third Amended Complaint, the only allegations asserted against the Individual Defendants relates to censorship of Lowry on the Facebook page. [See, Doc. 24, paras. 46-63].

provided an explanation that the policy of the City regarding political signs was content neutral regulation. [Doc. 45, Ex. 3, paras 4-7]. In addition, the City also explained its social media sites regulation as a limited public forum that is subject to the terms and conditions on the site, by Facebook terms of service and that the intention and policy of the City is to have the limited public forum administered in a content neutral fashion. [Doc. 45, Ex. 3, paras. 8 and 9 and Ex. 4, paras. 3-5]. In response to that proof, Plaintiff alleges in his response that some posts, some time, in some way, have been hidden or that he has been prevented from "tagging" the City. [Doc. 49, para. 13].

What Plaintiff fails to do with regard to the City is provide any context behind his allegations. What was said, what was hidden, who hid it and why? Did Facebook do it? If someone at the City did it, who was it? Why was it done? Without trying to answer any of those questions for this Court, Plaintiff simply says the "City did it." That is not enough. Not under *Monell*.

Municipal liability cannot be sustained under a theory of *respondeat superior* or vicarious liability. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). A municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (*quoting Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Plaintiff's allegations are made against the monolith of "the City" without reference to a person or even a position within the City. Plaintiff makes no reference to the fact that the City's form of government and, therefore, who the "policymaker" is under Texas law. There is no "*who*" in the allegations.

In this case, Plaintiff makes vague, conclusory and fact-less assertions of municipal liability without providing a single similar case. Plaintiff's threadbare assertions *may…may* adequately create a fact question that some City employee, some time, somewhere, made a poor decision about a social media post or a political sign. However, the poor judgment of a municipal worker does not create *Monell* liability and the Court should grant the City's Motion for Summary Judgment.

**PLAINTIFF'S RETALIATION CLAIMS**

Plaintiff makes vague claims about First Amended retaliation in Count Three which are not included in Count One and Two. To support those claims, Plaintiff attached a rambling, conclusory declaration and a handful of absolutely meaningless exhibits. Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994). Rule 56 does not require courts to "sift through the record in search of evidence" to support the nonmovant's opposition to the summary judgment motion. *Forsyth*, 19 F.3d at 1537.

"Claims of hurt feelings, humiliation, and other heart felt, yet objectively trivial

indignities, are not of Constitutional moment." *Jackson v. Liberty County*, 860 F. Supp. 360, 363 (E.D. Tex. 1994); *See Ramirez v. Holmes, 921 F.Supp. 204 (S.D.N.Y., 1996)* (allegations of threats or verbal harassment, unaccompanied by any allegations of physical injury or damage, do not state claim under § 1983); *Taylor v. Nichols,* 409 F.Supp. 927 (D. Kan. 1976) (mere claims of emotional distress, harassment, mental anguish, humiliation, or embarrassment are not actionable under the Civil Rights Act); *King v. Olmsted County,* 117 F.3d 1065 (8th Cir. 1997*)* (mere verbal threats made by state-actor do not generally constitute a §1983 claim, as the constitution does not protect against all intrusions on one's peace of mind, and fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute invasion of identified liberty interest).

The Fifth Circuit has held that "criticism, an investigation (or an attempt to start one), and false accusations [are] all harms that, while they may chill speech, are not actionable under our First Amendment retaliation jurisprudence." *Colson v. Grohman*, 174 F.3d 498, 512 (5th Cir. 1999). Applying *Colson* to a private citizen retaliation claim under the First Amendment, the court explained "that retaliatory criticisms, investigations, and false accusations that do not lead to some more tangible adverse action are not actionable under § 1983." *Matherne v. Larpenter*, No. 99–30746, 2000 WL 729066, at *3 (5th Cir. 2000) (quoting *Colson*, 174 F.3d at 513); *see also Slegelmilch v. Pearl River Cnty. Hosp. & Nursing Home*, 655 F. App'x 235, 239–40

(5th Cir. 2016); *See also*, *Houston Community College System v. Wilson*, 142 S.Ct. 1253 (2022) (public resolution that officially censured trustee for "reprehensible" conduct was not a materially adverse action that could raise a First Amendment retaliation claim).

Plaintiff alleges that there has been an order to arrest him. However, he has never been arrested. [Doc. 44, Ex. 1, para. 4 "During my time as Chief of Police for the City of La Marque, Mr. Lowry has not been arrested by any officer employed by the City of La Marque for any violation about which I am aware."].

Simply put, there has been *no* official adverse action nor is there *any* tangible or materially adverse action that has been taken by the City that Plaintiff has shown. Plaintiff "bravely" calls City officials "thugs," "corrupt," "lying" and "racist" and is disappointed when inexplicably he is not hailed as a hero. However, the First Amendment allows "[f]ree speech on both sides and for every faction on any side." *Thomas v. Collins*, 323 U.S. 516, 547 (1945) (Jackson, J., concurring). Plaintiff is not constitutionally entitled to sole possession of the bullhorn. His disappointment at the reaction of the City is not of constitutional moment.

Because Plaintiff has failed to prove a tangible or material adverse action has been taken against him, the City is entitled to judgment as a matter of law.

### III.
### CONCLUSION & PRAYER

The City of La Marque, Texas, Keith Bell, Kimberley Yancy, and Randall Aragon respectfully request that the Court grant their Motions for Summary Judgment and pray that Plaintiff's claims against them be dismissed with prejudice.

Respectfully submitted,

*/s/ Steven D. Selbe*
STEVEN D. SELBE
ATTORNEY IN CHARGE
So. Dist. No.: 18003
SBN: 18004600
sselbe@grsm.com

**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**
GORDON REES SCULLY MANSUKHANI LLP

1900 West Loop South, Suite 1000
Houston, TX  77027
Telephone: (713) 961-3366
Facsimile:  (713) 961-3938

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 20th day of January, 2025, and is available for viewing and downloading from the ECF system, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

*/s/ Steven D. Selbe*
STEVEN D. SELBE