UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 3:22-cv-00112 |
| | § | Jury |
| CITY OF LAMARQUE, TEXAS, KEITH | § | |
| BELL, in his individual capacity and in his | § | |
| official capacity, KIMBERLEY YANCY, | § | |
| in her individual capacity and in her official | § | |
| capacity, and RANDALL ARAGON, in his | § | |
| individual capacity and in his official | § | |
| capacity, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE EDISON:

Defendants file this Consolidated Reply to Plaintiff's Response in Opposition [Doc. 55] to Defendants' Motion to Strike [Doc 53] in regard Plaintiff's evidence submitted in his Response [Doc 49] to Defendants' Motions for Summary Judgment. [Docs. 44 and 45] and for same reply as follows:

## I.
## SUMMARY OF REPLY

Plaintiff has failed to show how the evidence he has submitted in inadmissible form could be presented in admissible form. Therefore,

Defendants' Objections to Evidence in Plaintiff's Response to Motions for Summary Judgment should be sustained.

## II.
## ARGUMENT

A precondition for considering evidence submitted in an improper form in opposition to summary judgment is that the party submitting the evidence must show that it will be possible to put the information into an admissible form. *Balboa Cap. Corp. v. Okoji Home Visits MHT, L.L.C.*, 111 F.4th 536, 547 (5th Cir. 2024) (citing *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 521–22 (5th Cir. 2021) (quoting *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), *as revised*, (July 5, 2017))). Plaintiff has failed to show how the items submitted as evidence in opposition to Defendants' Motions for Summary Judgment would be possible to be put into an admissible form. Therefore, Defendants' Objections should be sustained.

Under Fed. R. Civ. P. 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *Pruco Life Ins. Co. v. Monica Villarreal,* No. CV H-17-2795, 2021 WL 4155250, at *2 (S.D. Tex. Sept. 13, 2021); *Campos* at 521-522; *see also*, Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment ("The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the

proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.")

"The object of [FRCP 56] is not to replace conclusory allegations of a complaint…with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("[T]he plaintiff could not rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint'"), (quoting *First National Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968))). Plaintiff's Declaration contains numerous conclusory allegations.[1]

In his Response [Doc 55], Plaintiff misrepresents a case he cited in support of his argument, *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981). Plaintiff misquotes the Court's language, adding bracketed language to the quote, "summary-judgment evidence" implying that the ruling centered on summary judgment evidence. [Doc 55, p. 5]. However, this is not the case.[2] *Post* involved an appeal from a jury trial, over the admissibility of

---

[1] For example, Paragraph 18 of Defendant's Motion to Strike [Doc 53, p, 20] contains an objection to Plaintiff's Declaration paragraph 28, [Doc 49-1, p. 7] and the plethora of conclusory assertions made therein, including reference to an eight-year-old unauthenticated letter submitted as evidence. [Doc 49-1, p. 7]. But Plaintiff implies that paragraph 18 in Defendants' Motion to Strike [Doc 53, p. 20], should be overruled because the objection relates to governmental meeting minutes. [Doc 55, p. 10].

[2] The quote, related to trial evidence, states: "This objection and Post's general complaint that the reports are incomplete and inaccurate are matters going to the weight of this evidence and not its admissibility." *Matador Drilling Co. v. Post*, 662 F.2d 1190, 1199 (5th Cir. 1981).

business records that had been submitted incompletely. *Id*. The Court held there had been adequate predicate for the reports were generated in the daily course of business, indicating their trustworthiness at trial. *Id.* [3]

By contrast, in the present case, Plaintiff has not shown how the documents he submitted as evidence could be presented in admissible form at trial. He purports that he can simply call nonparty declarants to testify, but notwithstanding availability of a declarant, Plaintiff fails to specify who he is referring to and how documents he submitted as evidence containing conclusory assertions by any such declarants can be transformed into admissible evidence. Defendants' objections should be sustained.

Plaintiff asserts that certain statements in paragraph 4 of Defendants' Motion to Strike [Doc 53, p. 5] referring to an email Plaintiff submitted as Exhibit A, [Doc 49-2, p.1-3] in his Response to Defendants' Motions for Summary Judgment are "not hearsay." [Doc 55, p. 7]. Federal Rule of Evidence 801(d)(2) provides that a statement that meets certain conditions is not hearsay. The documents submitted by Plaintiffs relating to alleged actions or statements by the individual Defendants contained within an email by a

---

[3] In addition, Plaintiff cites *Crompton-Richmond Co., Factors v. Briggs*, 560 F.2d 1195, 1202 (5th Cir. 1977). [Doc 55, p. 5], but *Crompton* involved an appeal from a jury trial regarding business records evidence. The parties in *Crompton* did not disagree about the admissibility of the evidence submitted. The Court held that the complaining party had the opportunity to point out deficiencies in the business records submitted at trial and had failed to do so. *Id.*

declarant who is not an opposing party do not satisfy the conditions of Federal Rule 801(d)2) and should be stricken.

Plaintiff has failed to carry his burden to show how the evidence he submitted could be produced in admissible form at trial. Therefore, Defendants' objections to Plaintiff's evidence should be sustained and Defendants' Motions for Summary Judgment should be granted.

## III.
## PRAYER

Defendants respectfully request that the Court sustain their objections and exclude all inadmissible documents and testimony submitted by Plaintiff in his Response to Defendants' Motions, pray Defendants' Motions for Summary Judgment be granted, and that Plaintiff's claims be dismissed with prejudice.

Respectfully submitted,

*/s/ Steven D. Selbe*
STEVEN D. SELBE
ATTORNEY IN CHARGE
So. Dist. No.: 18003
SBN: 18004600
sselbe@grsm.com

**ATTORNEY FOR DEFENDANTS**

**OF COUNSEL:**
GORDON REES SCULLY MANSUKHANI LLP

5 | P a g e

1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 961-3366
Facsimile: (713) 961-3938

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document was filed electronically on the 19th day of February 2025 and is available for viewing and downloading from the ECF system, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

                                        */s/ Steven D. Selbe*
                                        STEVEN D. SELBE