Case 3:22-cv-00112   Document 57   Filed on 04/24/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00112 |
| | § | |
| CITY OF LA MARQUE, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# OPINION AND ORDER

Pending before me are two motions for summary judgment. The first is filed by Defendants Keith Bell, Kimberley Yancy, and Randall Aragon (collectively, "Individual Defendants"). *See* Dkt. 44. The second is filed by Defendant City of La Marque. *See* Dkt. 45. For the reasons discussed below, both motions are granted.

## BACKGROUND

Plaintiff Joseph Lowry, a resident of La Marque, brings this lawsuit asserting claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights to due process and to be free from viewpoint discrimination and censorship.[1] Lowry alleges that the City of La Marque and its elected officials—including Mayor Keith Bell, Councilwoman Kimberley Yancy, and Chief of Police Randall Aragon—have censored and retaliated against him by removing yard signs for political causes he supports and banning him from posting on La Marque's Facebook page. Lowry contends these actions violated his rights under the First and Fourteenth Amendments.

---

[1] On January 25, 2024, Judge Jeffrey V. Brown partially granted Defendants' motion for judgment on the pleadings, dismissing Lowry's defamation claims against Yancy and Aragon, as well as Lowry's First Amendment claims related to some Individual Defendants' "alleged verbal epithets." Dkt. 35 at 17.

# LEGAL STANDARD

### A.   SUMMARY JUDGMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine issue of material fact exists when there is evidence sufficient for a rational trier of fact to find for the non-moving party." *Schnell v. State Farm Lloyds*, 98 F.4th 150, 156 (5th Cir. 2024) (quotation omitted).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quotation omitted). The nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Id.* (quotation omitted). I "may not . . . evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (quotation omitted). At this stage, I "view all facts and inferences in the light most favorable to the nonmoving party." *Treme v. St. John the Baptist Par. Council*, 93 F.4th 792, 796 (5th Cir. 2024) (quotation omitted).

### B.   QUALIFIED IMMUNITY

Government officials sued in their individual capacity under § 1983 are entitled to qualified immunity, which is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016). It is a judicially created doctrine designed to avoid "the expenses of litigation, the diversion of official energy from pressing public issues, and the

deterrence of able citizens from acceptance of public office." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The doctrine arises from "the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties." *Id.* (cleaned up).

"When a public official makes a good-faith assertion of qualified immunity, that alters the usual summary-judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Joseph ex. rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 329–30 (5th Cir. 2020) (quotation omitted). "[T]he qualified immunity inquiry has two prongs: (1) whether an official's conduct violated a constitutional right of the plaintiff, and (2) whether that right was clearly established at the time of the violation." *Rockwell v. Brown*, 664 F.3d 985, 990–91 (5th Cir. 2011). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Again, both prongs must be satisfied, and courts may choose which prong to consider first." *Bernabe v. Rosenbaum*, No. 21-10396, 2023 WL 181099, at *1 (5th Cir. Jan. 13, 2023); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (Courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.").

### C. *MONELL* LIABILITY

"In *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that Congress intended § 1983 to apply to local government entities as well as to persons." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (cleaned up). The Fifth Circuit has explained the contours of *Monell* liability:

> Under the decisions of the Supreme Court and this court, municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of

> constitutional rights whose moving force is the policy or custom. *Monell* and later decisions reject municipal liability predicated on *respondeat superior*, because the text of section 1983 will not bear such a reading. Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability. The three attribution principles identified here—a policymaker, an official policy and the "moving force" of the policy—are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself. Mistakes in analyzing section 1983 municipal liability cases frequently begin with a failure to separate the three attribution principles and to consider each in light of relevant case law.

*Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (cleaned up).

Official policy exists in two forms. "First, a plaintiff may point to a policy statement formally announced by an official policymaker." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010). Second, an official policy may "arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). "A policy or custom is official only 'when it results from the decision or acquiescence of the municipal officer or body with "final policymaking authority" over the subject matter of the offending policy.'" *Peterson*, 588 F.3d at 847 (quoting *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). "State law determines whether a particular individual is a county or municipality final decision maker with respect to a certain sphere of activity." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Proof of a custom or policy can be shown by "a pattern of unconstitutional conduct . . . on the part of municipal actors or employees," or where "a *final policymaker* took a single unconstitutional action." *Zarnow*, 614 F.3d at 169. "A customary policy consists of actions that have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's

knowledge and acceptance of the disputed conduct." *Id.* "Allegations [or proof] of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). To plausibly "plead a practice so persistent and widespread as to practically have the force of law, [Lowry] must do more than describe the incident that gave rise to his injury." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020) (quotation omitted).

## ANALYSIS

**A.    INDIVIDUAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I will assume, without deciding, that Lowry can establish a genuine dispute of material fact as to whether his First and Fourteenth Amendment rights were violated. Even so, Individual Defendants are entitled to qualified immunity because Lowry has failed to carry his burden as to the second prong of the qualified immunity inquiry.[2]

"The second prong of the qualified-immunity analysis asks whether the right in question was clearly established at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quotation omitted). While Supreme Court precedent "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (cleaned up). Existing precedent places statutory or constitutional questions beyond debate "*only* when [the district court] can 'identify a case where an [official] acting under similar circumstances was held to have violated'" a constitutional right. *Surratt v. McClarin*, 851 F.3d 389, 392 (5th Cir. 2017) (emphasis added) (cleaned up) (citing *Pauly*, 580 U.S. at 552). "It is the plaintiff's burden to find a case in his favor that does not define the law at a 'high level of generality.'" *Vann v. City of Southaven*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass*, 814 F.3d at 732–33).

---

[2] The Individual Defendants object to most of Lowry's summary judgment evidence. *See* Dkt. 53. "Because this evidence does not affect the disposition of the summary judgment motion, I deny the objection[s] as moot." *Lilly v. SSC Houston Sw. Operating Co.*, No. 4:20-cv-03478, 2022 WL 35809, at *3 n.2 (S.D. Tex. Jan. 4, 2022).

Lowry has failed to meet this burden. His response brief fails to address Individual Defendants' assertion of qualified immunity, much less identify a case that would show how the right in question was clearly established at the time of the violation. "That alone dooms his case." *Vann*, 884 F.3d at 310 (affirming summary judgment on qualified immunity where the plaintiff "cited nary a pre-existing or precedential case"). "[T]he failure to identify a case where an [official] acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense." *Shemwell v. Cannon*, 352 F. Supp. 3d 690, 698 (N.D. Tex. 2019); *see also Morrow v. Meachum*, 917 F.3d 870, 876 (5th Cir. 2019) (affirming summary judgment on qualified immunity where plaintiffs "ha[d] not identified a controlling precedent that squarely governs the specific facts at issue" (quotation omitted)); *Gutierrez v. Cobos*, 841 F.3d 895, 901 (10th Cir. 2016) (granting summary judgment based on qualified immunity because plaintiffs "did not present any legal authority or legal argument . . . in opposition to [the defendant's] motion for summary judgment based on qualified immunity"); *Chuttoo v. Horton*, 627 F. Supp. 3d 655, 676 (E.D. Tex. 2022) (granting judgment on the pleadings where the plaintiff "identifies no factually analogous precedent of the Supreme Court or the Fifth Circuit (or any other circuit) clearly establishing that any reasonable officer in [defendants'] shoes would have known" they were violating a clearly established right); *Berry v. Tex. Woman's Univ.*, 528 F. Supp. 3d 579, 590 (E.D. Tex. 2021) (finding defendants entitled to qualified immunity where the plaintiff "points to no caselaw related to his claims under § 1983"); *Oliver v. Klein Indep. Sch. Dist.*, 448 F. Supp. 3d 673, 700 (S.D. Tex. 2020), *aff'd sub nom. Oliver v. Champion*, No. 20-20438, 2021 WL 4987481 (5th Cir. Oct. 26, 2021) ("The plaintiffs' citation of general First Amendment case law . . . is not enough to overcome the qualified immunity defense."). Because Lowry cannot show that Individual Defendants violated a clearly established right, I may resolve this case on the second qualified immunity

prong alone. *See Pearson*, 555 U.S. at 236. Individual Defendants are thus entitled to summary judgment on the basis of qualified immunity.[3]

### B. LA MARQUE'S MOTION FOR SUMMARY JUDGMENT

In his Third Amended Complaint, Lowry alleges that

> La Marque developed, ratified, enforced, and continue[d] to enforce an official city policy and/or longstanding custom of removing and censoring speech concerning matters of public interest from the La Marque's Facebook page, but only where such speech is critical of, unpopular with, or otherwise unfavorable to La Marque and/or its officials (including Bell, Yancy and Aragon).

Dkt. 24 at 18. I need not reach Lowry's *Monell* claim against La Marque because Lowry waived such a claim by failing to respond to, or in any way mention, his claim against La Marque in his summary judgment response. "The failure to address the *Monell* claim amounts to abandonment of such claims." *Shepherd v. City of Shreveport*, No. 14-2623, 2018 WL 1513679, at *9 (W.D. La. Mar. 27, 2018), *aff'd sub nom. Shepherd ex rel. Estate of Shephard v. City of Shreveport*, 920 F.3d 278 (5th Cir. 2019).

Even if Lowry had not abandoned his *Monell* claim against La Marque, summary judgment would still be appropriate. The uncontroverted summary judgment evidence—in the form of declarations from five city officials—conclusively establishes that La Marque did not have a pattern, policy, or custom of removing and censoring speech. *See* Dkts. 45-1 at 3, 45-2 at 3, 45-3 at 3, 45-4 at 3, and 45-5 at 3. Because Lowry has failed to present any summary judgment

---

[3] Independently, Lowry has waived his Fourteenth Amendment claim. Although Lowry insists in his summary judgment response that "[t]here is a genuine issue of material fact as to whether defendants violated Lowry's First Amendment rights," he never addresses Defendants' argument that his Fourteenth Amendment claim should likewise be dismissed. Dkt. 49 at 9 (emphasis omitted). Lowry's Fourteenth Amendment claim is, therefore, waived. *See Indigenous Peoples of Coastal Bend v. U.S. Army Corps of Eng'rs*, 132 F.4th 872, 882–83 (5th Cir. 2025) ("[W]aiver occurs when the party fails to pursue a claim beyond the complaint, including by ignoring the claim in its motion for summary judgment or not defending it in response to a dispositive motion.").

evidence creating a genuine issue of fact on the *Monell* claim, La Marque is entitled to summary judgment.

## CONCLUSION

For the reasons explained above, both Individual Defendants' and City of La Marque's Motions for Summary Judgment (Dkts. 44, 45) are **GRANTED**.[4] A final judgment will issue separately.

SIGNED this 24th day of April 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] Setting aside the uniqueness and unsuitability of Lowry's claims for class action treatment, because all Defendants are entitled to summary judgment, Lowry's class action allegations, *see* Dkt. 24 at 24–26, are moot. *See Rocky v. King*, 900 F.2d 864, 869 (5th Cir. 1990) (The Fifth Circuit "generally has concurred with the proposition that a purported class action is moot where the named plaintiff's individual claim became moot before class certification.").