UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOSEPH LOWRY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 3:22-cv-00112 |
| | § | Jury |
| CITY OF LAMARQUE, TEXAS, KEITH | § | |
| BELL, in his individual capacity and in his | § | |
| official capacity, KIMBERLEY YANCY, | § | |
| in her individual capacity and in her official | § | |
| capacity, and RANDALL ARAGON, in his | § | |
| individual capacity and in his official | § | |
| capacity, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' ADVISORY TO COURT

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendants file this Advisory to the Court concerning an Exhibit which was

filed in support of the Defendants' Motions for Summary Judgment.

## I.

## <u>ADVISORY</u>

Counsel for the Defendants has followed local news reports regarding one of

the individuals who signed a declaration supporting the Defendants' Motions for

Summary Judgment. [Docs. 44 and 45]. Out of a duty of candor to the Court, based

on news reports alone, with no personal knowledge that any of the allegations are

true or are not true, counsel for the Defendants has a question as to whether all of

the statements made in Paragraph 2 of Exhibit 4 (a preliminary paragraph) are accurate.

## II.
## IMPACT OF ADVISORY

Defendants do not believe this Advisory has any impact in this case. Paragraph 2 of Exhibit 4 was a preliminary paragraph that added no material testimony and even if some of the statements are not true, that would not constitute sufficient "newly discovered evidence" to support a Rule 59 (e) motion.

As the Court is aware, altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (cleaned up). Thus, the Fifth Circuit has held that "a 59(e) motion to reconsider should not be granted unless: (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and ***could not have been discovered earlier by proper diligence***; and (3) the facts are not merely cumulative or ***impeaching***." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696–97 (5th Cir. 2003) (emphasis added); *Montgomery v. Wells Fargo Bank, NA*, 459 F. App'x 424, 429 (5th Cir. 2012) (cleaned up).

If the statements made in Paragraph 2 of Exhibit 4 are not all true, that could have been discovered (Plaintiff did not take the deposition of the declarant and did

not do any type of personal background discovery about which Defendants are aware) and the inaccuracy of those statements would only serve as impeachment evidence. Thus, the requirements of Rule 59 (e) are clearly not met.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Steven D. Selbe*
          Steven D. Selbe
          State Bar No. 18004600
          Southern District of Texas Bar No.
          18003 sselbe@grsm.com
          ATTORNEY IN CHARGE
          1900 West Loop South, Suite 1000
          Houston, TX 77027
          (713) 961-3366 (Telephone)
          **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on the 8th day of July, 2025 and is available for viewing and downloading from the ECF system. Notice of Electronic Case Filing has been sent automatically to all parties listed in the Service List in effect on the date of electronic filing, which constitutes service of same, and satisfies the requirements of Fed. R. Civ. P. 5(b)(2)(D).

*/s/ STEVEN D SELBE*
STEVEN D. SELBE